999 F.2d 539
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert ALBERT, Plaintiff-Appellant and Cross Appellee,
v.
The EDWARD J. DeBARTOLO CORPORATION, d/b/a Southern Park
Mall, Martin J. Plocica, Jack Petruska, and Dana
Lowe, Defendants-Appellees and Cross Appellants.
 Nos. 91-3685, 91-3835, 91-3957 and 92-3702.
 United States Court of Appeals, Sixth Circuit.
 July 20, 1993.
 
 Before: KENNEDY and MARTIN, Circuit Judges, and FORESTER, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Robert Albert was discharged from his job following reports that he sexually harassed a fellow employee. Albert and his wife Rhonda Albert brought claims for sexual discrimination under Title VII and various state law claims against defendants. Rhonda Albert's claims were dismissed without prejudice. This order is not appealed from. The District Court also dismissed plaintiff's complaint. Plaintiff appeals this dismissal. The plaintiff and defendants appeal the denial of their respective motions for sanctions and attorneys' fees. For the reasons that follow, we affirm in part and reverse in part.
 
 I.
 A.
 
 2
 Robert Albert worked as a security guard at the Southern Park Mall, which is owned and operated by defendant Edward J. DeBartolo Corporation, d/b/a Southern Park Mall ("DeBartolo"). Defendant Dana Lowe also worked at the Mall as a frequent shopper hostess. Lowe accused plaintiff of sexually harassing her. Lowe alleged that plaintiff made unwanted advances and pulled her close to him. Plaintiff denied the allegations. Plaintiff also alleged that Lowe and other hostesses inappropriately flirted with the security guards and touched them affectionately in public. As a result of Lowe's accusations, plaintiff was terminated.
 
 
 3
 On October 19, 1990, plaintiff sued DeBartolo, Lowe, Martin J. Plocica, the mall manager, Jack Petruska, the head of security, and the Southern Park Merchants Association (the "Association") for defamation and for Title VII violations. He claimed that defendants discriminated against him because of his sex in violation of 42 U.S.C. § 2000e-2(a).[1] Plaintiff's wife, Rhonda Albert, sued defendants for loss of consortium, emotional distress, damage to her reputation and other unspecified rights arising from her husband's termination. Defendant Lowe counterclaimed with a suit for battery and severe emotional distress against Albert.
 
 
 4
 On December 12, 1990, the Alberts voluntarily dismissed the Association from the suit. On May 2, 1991, Mrs. Albert's claims were dismissed against all defendants without prejudice. On the same day, plaintiff's Title VII claim against defendant Lowe was dismissed with prejudice and his state claims dismissed without prejudice. The case proceeded with plaintiff's Title VII and pendent state law claims against DeBartolo, Plocica and Petruska and Lowe's counterclaim against Albert.
 
 
 5
 In an order entered June 27, 1991, the District Court dismissed plaintiff's Title VII claims against the remaining defendants with prejudice. It is this order that plaintiff is appealing. The court had contemplated dismissing plaintiff's complaint sua sponte under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, but anticipated that defendants would file a 12(b)(6) motion. However, defendants filed a motion for summary judgment. The court treated the motion as one for dismissal for failure to state a claim.
 
 
 6
 The court found that plaintiff had attempted and failed to allege sufficient facts to support a "disparate treatment" or "hostile work environment" Title VII violation. The court believed that plaintiff was really complaining that he was wrongfully discharged because Lowe's accusations were false. "That the plaintiff was fired as a result of this allegation is not cognizable under Title VII."
 
 B.
 
 7
 Subsequent to the court's dismissal of plaintiff's complaint, defendants filed a motion for sanctions, attorneys' fees and costs. By marginal entry order, the court denied the motion as to sanctions and fees, but awarded defendants costs. DeBartolo moved the court to clarify the order denying the motion for sanctions and fees. The court referred the issue to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), (3) and Local Civil Rule 19.5-19.12. He found that neither Rule 11, Title VII, 28 U.S.C. § 1927, nor the court's inherent power to sanction bad faith conduct entitled defendants to sanctions or attorneys' fees. Plaintiff also filed a motion for Rule 11 sanctions that was similarly denied by marginal entry.
 
 II. Plaintiff's Claims
 A. Dismissal
 
 8
 Plaintiff first claims that the District Court erred in granting summary judgment to defendants. The court treated defendants' motion for summary judgment as one for dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6). However, where, as here, matters outside of the pleadings are considered by the court, a 12(b)(6) motion for failure to state a claim will be treated as one for summary judgment under Rule 56. We review the lower court's decision to grant summary judgment on a de novo basis, making all reasonable inferences in favor of the non-moving party. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). There is no genuine issue of material fact where the "nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. at 323. With these standards in mind, we hold that the District Court did not err in dismissing plaintiff's complaint.
 
 
 9
 A plaintiff bringing a disparate treatment claim under Title VII bears the initial burden of establishing a prima facie case of discrimination by the defendant. "To prevail under the disparate treatment theory, a plaintiff must show that he has been the victim of intentional discrimination [because of his sex]." Daniels v. Board of Educ., 805 F.2d 203, 206 (6th Cir.1986) (citing United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715 (1983); International Brotherhood of Teamsters v. United States, 431 U.S. 324, 335 n. 15 (1977)). The District Court found that plaintiff did not satisfy even this threshold issue:
 
 
 10
 The plaintiff was fired because he allegedly sexually harassed defendant Lowe, not because of his gender. More specifically, defendant DeBartolo's decision to terminate the plaintiff's employment did not contemplate his gender. Instead, it concerned only the allegations of sexual harassment lodged against him by defendant Lowe. While another avenue may exist for the plaintiff to seek redress for his dismissal, Title VII provides no remedy under these circumstances.
 
 
 11
 Joint App. at 22-23. Similarly, the court found that plaintiff had failed to allege facts sufficient to support his claim of a hostile work environment. Plaintiff summarily alleged that the public signs of affection by the frequent shopping hostesses towards the security guards and DeBartolo's failure to put an end to it resulted in a violation of Title VII. The court found that "plaintiff neither alleges nor submits any evidence that the conduct of defendant Lowe and the other 'frequent shopping girls' created an intimidating, hostile, or offensive work environment or that such an environment seriously influenced the psychological well being of the plaintiff" (citing Rabidue v. Osceola Refining Co., 805 F.2d 611 (6th Cir.1986), cert. denied, 481 U.S. 1041 (1987) (setting forth elements of a hostile work environment claim)).
 
 
 12
 Likewise, our review of the record leads us to conclude that plaintiff has failed to state a claim for disparate treatment under Title VII. Plaintiff has nowhere even alleged that he was fired because of his gender. We also conclude that plaintiff's claim under the hostile work environment theory is meritless and borders on frivolous. Plaintiff's true complaint is that he was wrongfully discharged because of false accusations of sexual harassment, a claim that is not cognizable under Title VII. Accordingly, we AFFIRM the District Court's dismissal of plaintiff's Title VII claims against defendants.
 
 B. Denial of Rule 11 Sanctions
 
 13
 Plaintiff's next assignment of error is the District Court's refusal to grant plaintiff's motion for Rule 11 sanctions against defendants. Plaintiff alleged that the attorneys for DeBartolo had misrepresented a material fact to the court when they asserted that plaintiff admitted touching defendant Lowe. We review a district court's determination of Rule 11 sanctions for abuse of discretion. Homico Constr. & Dev. Co. v. Ti-Bert Systems, Inc., 939 F.2d 392, 394 (6th Cir.1991) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990)). While Albert never admitted that he touched Lowe's body, he did admit that he touched Lowe's coat while she was in it. We do not believe defendants' assertion was a material misrepresentation of Albert's statement. We conclude that the court did not abuse its discretion is denying plaintiff's motion for Rule 11 sanctions.
 
 III. Defendants' Claims
 
 14
 Defendants' cross-appeal involves the denial of sanctions and attorneys' fees sought against plaintiff under Rule 11, Title VII, 28 U.S.C. § 1927, and the court's inherent powers. The magistrate judge denied defendants' motion under all four theories.
 
 A. Rule 11
 Rule 11 provides in pertinent part:
 
 15
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record.... The signature of an attorney ... constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
 
 
 16
 In Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor, 875 F.2d 1224, 1229 (6th Cir.1989), this Court set out the obligations of Rule 11:
 
 
 17
 Rule 11 imposes three obligations on the signing attorney. First, the attorney must conduct a reasonable inquiry to determine that the document is well grounded in fact. Second, the attorney must conduct a reasonable inquiry to determine that the positions taken are warranted by existing law or as good faith arguments for extension or modification of existing law. Third, the document must not be filed for any improper purpose.
 
 
 18
 Once the District Court has determined that an attorney has violated one of these obligations, it is required to impose sanctions. Id. "The focus of Rule 11 ... is narrow; it relates to a specific act--the signing, and to a specific time--the time of signing." Jackson, 875 F.2d at 1229. "The court judges the attorney's conduct by 'an objective standard of reasonableness under the circumstances.' " Id. (quoting INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 401 (6th Cir.), cert. denied, 484 U.S. 927 (1987)). "[A]n attorney's good faith is not a defense." Id.
 
 1. The Amended Complaint
 
 19
 On January 28, 1991, plaintiff filed an amended complaint to add supplemental factual allegations to support Mrs. Albert's claims and to add a claim that Mrs. Albert's constitutional rights had been violated. Prior to this, on December 12, 1990, defendants' lawyer had sent a letter to plaintiff's attorney, James S. Gentile. The letter stated that plaintiff should dismiss the action against Lowe because Lowe was not an employer who could be sued under Title VII. The letter further stated that all of Rhonda Albert's claims should be dismissed because the District Court lacked jurisdiction over her claims. The letter warned that Gentile and the Alberts risked Rule 11 sanctions if the claims were not dismissed.
 
 
 20
 a. Lowe
 
 
 21
 We believe that maintaining Lowe as a defendant is grounds for sanctions. There is no colorable argument that Lowe, a minor employed as a frequent shopper hostess, is an employer within the meaning of Title VII. An employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees ..., and any agent of such person." 42 U.S.C. § 2000e(b). "Agent" has been interpreted to include only those employees who perform managerial or supervisory functions. York v. Tennessee Crushed Stone Ass'n, 684 F.2d 360 (6th Cir.1982). Moreover, Lowe engaged in no activity proscribed by Title VII; she did not fire or discriminate against plaintiff because of his gender. The magistrate judge found that while plaintiff had no basis to sue Lowe under Title VII, this did not provide a basis upon which to sanction plaintiff because she was sued on pendent state claims and because Lowe filed a counterclaim. This finding is clearly in error. In the absence of the Title VII claim, the state claims could not be brought in federal court, and Lowe's counterclaim is irrelevant to the merit of plaintiff's federal claim against her. The failure to undertake the appropriate Rule 11 inquiry was an abuse of discretion.
 
 
 22
 b. Rhonda Albert's Claims
 
 
 23
 The magistrate judge found that "while the court dismissed her claims for failure to establish [pendent party] jurisdiction, an examination of the thirteen-page court opinion reflects that Rhonda Albert was not unwarranted in claiming such jurisdiction existed." In its order dismissing Mrs. Albert's claims, the District Court found the law to be "clear" that pendent party jurisdiction did not extend to the state claims against defendants. The court had no independent federal jurisdictional basis over Mrs. Albert's claims because it was also "clear" that she had no constitutional or federal statutory claim against any of the defendants. We believe that a reasonable inquiry, precipitated by the December 12th letter, would have revealed that Mrs. Albert's claims were unwarranted by existing law.
 
 
 24
 2. Memorandum in Opposition to Defendant's Motion for Summary Judgment
 
 
 25
 Plaintiff added a claim under the hostile work environment theory of Title VII in his Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment. Plaintiff set forth the elements of a hostile work environment claim, citing this Court's opinion in Rabidue v. Osceola Refining Co., 805 F.2d 611 (6th Cir.1986), cert. denied, 481 U.S. 1041 (1987), but did not allege facts to support a prima facie case. On this issue, the magistrate judge concluded that it "was collateral to the main issue of whether plaintiff otherwise had raised a valid legal claim of sex discrimination under Title VII...." Joint App. at 181. Again, the magistrate judge did not make the requisite Rule 11 inquiry. There is absolutely nothing in the record that supports a hostile work environment claim. The addition of this claim was objectively unreasonable and warrants the imposition of Rule 11 sanctions.
 
 
 26
 In sum, by signing the amended complaint and the Motion Opposing Defendants' Motion for Summary Judgment, Gentile violated Rule 11 because (1) Mrs. Albert's claims lacked jurisdiction; (2) Lowe should have been dismissed from the suit; and (3) plaintiff's hostile work environment claim was baseless. Rule 11 sanctions must be imposed against Gentile, plaintiff or Mrs. Albert or all three. See Fed.R.Civ.P. 11 (providing that the attorney, the represented party or both may be sanctioned).
 
 B. Section 1927
 Section 1927 provides:
 
 27
 Any attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
 
 
 28
 28 U.S.C.A. § 1927 (West Supp.1993).
 
 
 29
 We have held that a court may assess fees against an attorney under section 1927 in the absence of bad faith.[2] Jones v. Continental Corp., 789 F.2d 1225, 1230 (6th Cir.1986). In Jones, we enunciated the standard by which section 1927 claims should be assessed:
 
 
 30
 [W]hen an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney.
 
 
 31
 Id. "Jones makes clear that the standard for section 1927 determinations in this circuit is an objective one, entirely different from determinations under the bad faith rule." In re Ruben, 825 F.2d at 984. However, "negligence or simple inadvertence" is not enough to support a section 1927 sanction. Id.
 
 
 32
 The magistrate judge simply relied on its Rule 11 discussion to show that Gentile did not "unreasonably and vexatiously" multiply the proceedings and cited Haynie v. Ross Gear Div. of TRW, Inc., 799 F.2d 237, 243 (6th Cir.1986), vacated, 482 U.S. 901 (1987), a decision that was vacated by the Supreme Court. While the award of section 1927 sanctions is discretionary, the magistrate judge erred in not undertaking the appropriate inquiry.
 
 
 33
 In a letter to Gentile dated February 27, 1991, defendants requested that the action be dismissed because it lacked a colorable claim for sexual discrimination. In the letter, defendants cited Jones v. Intermountain Power Project, 794 F.2d 546 (10th Cir.1986), a Tenth Circuit case involving a male plaintiff attempting to convert a sexual harassment claim against himself, which resulted in his termination, into a sexual discrimination case against his employer. The plaintiff's claim was found to be factually and legally insufficient. A claim for wrongful discharge based on false accusations of sexual harassment is simply not cognizable under Title VII.
 
 
 34
 Thus, plaintiff maintained a meritless claim after receiving notice that it was without foundation. We believe that Gentile should have known that plaintiff's Title VII claims were frivolous, at least after being so notified by defendants' February 27 letter. By maintaining the action after he was notified by defendants of the frivolity of these claims, by maintaining Mrs. Albert's claims, by refusing to dismiss Lowe from the action, and by adding the hostile work environment claim, Gentile needlessly and unreasonably multiplied the proceedings.
 
 C. Title VII Prevailing Party
 
 35
 Title VII provides that "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee...." 42 U.S.C.A. § 2000e-5(k) (West Supp.1993). In Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978), the United States Supreme Court determined under what circumstances a court may award attorney's fees when the prevailing party is the defendant. Where the Title VII action is "frivolous, unreasonable, or without foundation," or where the plaintiff maintains the suit after this becomes clear, an award of fees is appropriate. Bad faith on the part of the plaintiff is not required. Under this provision, it is the party and not the party's attorney against whom sanctions are imposed. Again, the magistrate judge relied on the reasons for denying Rule 11 sanctions to deny Title VII attorneys' fees. This was error. While the award of Title VII fees is discretionary, the same reasons that support the imposition of sanctions under section 1927, support the award of fees under Title VII.
 
 D. Inherent Power
 
 36
 As a general matter, the "American Rule" prohibits a prevailing party from recovering attorney's fees. Shimman v. International Union of Operating Eng., Local 18, 744 F.2d 1226, 1229 (6th Cir.1984) (citing Arcambel v. Wiseman, 3 U.S. (3 Dall.) 306 (1796) (adopting the American Rule)), cert. denied, 469 U.S. 1215 (1985). "The 'bad faith' exception to the American Rule allows attorney fees in certain exceptional cases where the opposing party has acted in bad faith." Id. "Courts have ... consistently recognized attorney fees as awardable where a meritless claim or defense is maintained in bad faith." Id. at 1230. Courts have the inherent power to sanction bad faith conduct. In re Ruben, 825 F.2d 977, 983 (6th Cir.1987), cert. denied, 485 F.2d 934 (1988). The magistrate judge found that defendants failed to establish bad faith on the part of plaintiff. Finding no abuse of discretion, we do not disturb this finding.
 
 IV.
 
 37
 We AFFIRM the District Court's order dismissing the action. We AFFIRM the denial of plaintiff's motion for Rule 11 sanctions. We AFFIRM the denial of defendants' motion for sanctions under the court's inherent power to sanction bad faith litigation. We REVERSE the denial of defendants' motion for sanctions and fees under Rule 11, 28 U.S.C. § 1927 and Title VII. The case is REMANDED for proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 This section provides in pertinent part:
 It shall be an unlawful employment practice for an employer--
 (1) to ... discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]
 42 U.S.C.A. § 2000e-2(a)(1) (West 1981).
 
 
 [2]
 In an opinion cited favorably by this Court in In re Ruben, 825 F.2d 977, 982 (6th Cir.1987), cert. denied, 485 U.S. 934 (1988), the Second Circuit held that "an award made under § 1927 must be supported by a finding of bad faith similar to that necessary to invoke the court's inherent power." Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir.1986), cert. denied, 480 U.S. 918 (1987). The Oliveri court went on to observe that "the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is ... that awards under § 1927 are made only against attorneys ... while an award made under the court's inherent power may be made against an attorney, a party, or both." Oliveri, 803 F.2d at 1273
 Several other circuits have similarly held that a finding of bad faith is a prerequisite to the imposition of sanctions under section 1927. See Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir.1991), cert. denied, 112 S.Ct. 913 (1992); Hackman v. Valley Fair, 932 F.2d 239, 242 (3d Cir.1991); West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1528 (9th Cir.1990); Suslick v. Rothchild Secs. Corp., 741 F.2d 1000, 1006 (7th Cir.1984).