Shirley ROSSER, et al., Plaintiffs,

v.

PIPEFITTERS UNION LOCAL 392 and
Robert Sullivan, Defendants.

No. C-1-88-473.

United States District Court,
S.D. Ohio,
Western Division.

Feb. 16, 1995.

James Burdette Helmer, Jr., Helmer Lugbill Martins & Neff, Cincinnati, OH, for Shirley Rosser.

Virginia Conlan Whitman, Cincinnati, OH, for Fred Harper.

Harold George Korbee, Wood & Lamping, Cincinnati, OH, for Robert Sullivan, Local 392 Pipefitters.

Daniel Patrick Dooley, Frost & Jacobs, Cincinnati, OH, for Aggressive Piping.

Michael Wesley Hawkins, Dinsmore & Shohl, Cincinnati, OH, for Joint Apprentice Training Committee.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court pursuant to plaintiffs' Motion to Re–Tax Costs (doc. no. 187), the memoranda of the parties (doc. nos. 188 and 189) and the oral arguments.

## FINDINGS OF FACT

1. Plaintiffs are 26 black members and former members of the defendant Pipefitters Union Local 392.

2. Defendants are Pipefitters Union Local 392 and its former business agent, Robert Sullivan.

3. The EEOC, after a 2–year investigation, found probable cause to believe that Local 392 had discriminated against African–American pipefitters in violation of Title VII of the Civil Rights Act.

4. Plaintiffs sued defendants for race discrimination in the Union's job referral system pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

5. This Court held a 5½ week bench trial in May and June of 1991.

6. In a 79–page decision issued in November, 1991, this Court ruled in favor of defendants.

7. Thereafter, plaintiffs appealed to the United States Court of Appeals for the Sixth Circuit.

8. On December 2, 1993, the United States Court of Appeals for the Sixth Circuit affirmed this Court's ruling.

9. The Sixth Circuit's Decision and Mandate contained no award of costs for defendants.

10. The District Court substantially denied defendants' Summary Judgment Motion on all Title VII issues and on all 42 U.S.C. § 1981 issues.

11. Defendants' Motion for Summary Judgment was granted only as to plaintiffs' 42 U.S.C. § 1981 claims relating to longer probationary periods, training and apprenticeship programs and retaliation.

12. During the 5½ week trial, defendants' Motion for Judgment as a Matter of Law/Directed Verdict was denied.

13. The trial transcript alone exceeded 3,000 pages.

14. Approximately 45 witnesses and thousands of pages of exhibits were utilized in the trial.

15. Both plaintiffs and defendants presented statistical evidence reflecting years of statistical studies and research.

16. The depositions of Mr. Glynn and Mr. Cunningham were read into the record and used at trial in lieu of live testimony.

17. The costs for the depositions of Mr. Glynn and Mr. Cunningham amount to $569.80. Additionally, over 43 discovery depositions were taken by defendants which cost approximately $21,000.00. Only a small portion of the depositions were used in the course of cross-examining plaintiffs' witnesses or otherwise used at trial. (See doc. nos. 182 and 196).

18. Defendants were required to incur $150.30 in costs for a professional process server who served four trial subpoenas on defendants' witnesses who are members of the Union defendant. These witnesses were under no obligation to testify voluntarily and were reluctant to testify in opposition to the plaintiffs. The costs incurred were reasonable and necessary for the case.

19. This case has greatly benefitted the Union defendant. Its practices and procedures which it has followed over a long period of time have once and for all been validated. These practices and procedures have been important to the Union and its members providing them with a measure of job security and prosperity and are essential to accomplishing its purposes and goals. The Union has been vindicated from the adverse finding of discrimination by the EEOC and its ability to represent all its members has been enhanced.

To the extent that any of the foregoing Findings of Fact contain any conclusions of law, they shall to that extent be deemed Conclusions of Law, and to the extent any of the following Conclusions of Law contain any findings of fact, they shall to that extent be deemed Findings of Fact.

## CONCLUSIONS OF LAW

1. *Haynie v. Ross Gear Division of TRW, Inc.,* 799 F.2d 237 (6th Cir.1986), *vacated as moot,* 482 U.S. 901, 107 S.Ct. 2475, 96 L.Ed.2d 368 (1987) involves a claim of race discrimination brought against an employer

and a union for violations of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

2. In *Haynie,* the Sixth Circuit ruled that attorney fees may not be assessed as costs pursuant to 42 U.S.C. § 2000e–5(k) against a losing civil rights plaintiff unless the action was frivolous, unreasonable or without foundation. The *Haynie* ruling discusses attorney fees assessed as costs under 42 U.S.C. § 2000e–5(k) and 42 U.S.C. § 1988. It does not specifically discuss costs assessed under 28 U.S.C. § 1920 in any detail.

3. Plaintiffs' Title VII and 42 U.S.C. § 1981 claims were not frivolous, unreasonable, or without foundation. No attorney fees are requested nor will attorney fees be assessed as costs.

4. This Court's conclusion that *Haynie* was directed to the issue of the award of attorney fees as costs and not costs assessed pursuant to 28 U.S.C. § 1920 is supported by the concurring opinion in *Brooks, et al. v. Center Park Associates, et al.,* 33 F.3d 585, 589 (6th Cir.1994), (Martin, J., concurring). There it states, "*Haynie,* 799 F.2d at 242 (plaintiff's suspect testimony on collateral matters not a ground for granting attorneys' fees to defendant)." This conclusion is also supported by the *Haynie* Court's discussion of *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

5. Fed.R.Civ.P. 54(d) and the United States Supreme Court have vested the trial court with discretion to allow or deny costs to a prevailing party. *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964).

6. The Supreme Court has issued the following caution in the exercise of discretion in awarding costs.

> We do not read that Rule [Fed.R.Civ.P. 54(d) ] as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of the case. Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurisprudence that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be. Therefore, the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute.

*Farmer,* 379 U.S. at 235, 85 S.Ct. at 416.

7. The Southern District of Ohio Costs Guidelines state:

> The Sixth Circuit holds that Rule 54(d) creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court. *White & White v. American Hospital Supply Corp.,* 786 F.2d 728, 730 (6th Cir. March 25, 1986). The Court in *White & White* upheld a total denial of costs to prevailing defendants in an antitrust action.

Taxation of Court Costs in the Southern District of Ohio, 6/16/94, p. 2.

8. The Sixth Circuit has specifically approved a denial of costs in close and difficult cases involving numerous parties, exhibits, transcript pages, and lengthy opinions. *White & White, Inc.,* 786 F.2d at 732, *citing United States Plywood Corp. v. General Plywood Corp.,* 370 F.2d 500 (6th Cir.1966), *cert. denied,* 389 U.S. 820, 88 S.Ct. 39, 42, 19 L.Ed.2d 71 (1967). "The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Id.* at 732–733. *Farmer v. Arabian American Oil Co.,* 379 U.S. at 235, 85 S.Ct. at 416.

9. Under Fed.R.Civ.P. 54(d), this Court has the power to determine "the equity of awarding costs under all of the circumstances of the case." *White & White, Inc.,* 786 F.2d at 733, *quoting Lichter Foundation, Inc. v. Welch,* 269 F.2d 142, 146 (6th Cir. 1959).

10. The Southern District of Ohio Costs Guidelines provide:

Under 28 U.S.C. § 1920, the Court may assess the costs of taking a deposition in favor of the prevailing party. It is the policy of this court to tax costs on depositions used and read into the record at a hearing or at trial. This is by means of direct, indirect, impeachment or rebuttal testimony. The expense of reproducing exhibits to a deposition and notary fees incurred in its taking are taxable costs. Court Reporter's attendance fees and travel costs are taxable only in the taking of the original deposition.

A. Taxable:

1. Depositions used in successful Motions for Summary Judgments, Motion to Dismiss and Motions to Quash are deemed necessary and are, therefore, taxable.

B. Not Taxable:

1. Discovery depositions are not taxable. Depositions not filed with the Court are deemed discovery depositions.

11. The Clerk of this Court properly determined the amount of the costs which would be owed the prevailing party by the losing party in this case under 28 U.S.C. § 1920. That amount is $17,021.39.

This, however, does not end the inquiry. The Court must proceed pursuant to Rule 54(d) of the Federal Rules of Civil Procedure to exercise its discretion as to whether to award costs in this case.

12. In guiding the discretion of the Court, the plaintiffs rely on *Haynie, supra* and *Brooks v. Center Park Associates, supra.* These cases deal with the allowance of attorneys fees as costs.

The defendants rely on *Goostree v. State of Tennessee,* 796 F.2d 854 (6th Cir.1986) and *White & White, Inc., supra.*

Both *Haynie* and *Goostree* resulted in a remand to the trial court for further consid-eration of the issue whether plaintiff should be relieved from liability for costs, in whole or in part, because of the facts of the case. *Haynie* at 243. *Goostree* at 864. Their results are not in conflict.

13. Both cases instruct the district court to consider the totality of the circumstances on a case-by-case basis when assessing costs. Fed.R.Civ.P. 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs ..."[1]

28 U.S.C. § 1920 provides in pertinent part:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case.

■ 14. Absent a statute or rule to the contrary, Rule 54(d) creates a presumption of awarding costs allowed by 28 U.S.C. § 1920 unless it would be inequitable under the totality of the circumstances to put the burden of such costs on the losing party.

■ 15. The circumstances the District Court is instructed to consider in exercising its discretion and determining the issue are:

a) Were the taxable expenditures unnecessary to the case or unreasonably large?

b) Should the prevailing party be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues?

---

1. After December 1, 1994, Fed.R.Civ.P. 54(d)(1) provides:

(1) *Costs Other than Attorneys' Fees.* Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs' but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

c) Was the prevailing party's victory so insignificant that the judgment amounts to a victory for the opponent?

d) Was the case close and difficult?

e) Did the losing party act reasonably and in good faith in filing, prosecuting or defending the case?

f) Did the losing party conduct the case with propriety?

g) Have other courts denied costs to prevailing defendants in similar cases?

h) Did the prevailing party benefit from the case?

i) Did the public benefit from the case?

j) Did the case result in a profound reformation of current practices by defendant?

k) Does the award of costs have a chilling effect on other litigants?

*White & White, Inc.,* 786 F.2d at 730–731.

16. The parties concede that there is no statute or rule which supersedes the district court's discretion in this case.

17. To exercise its discretion, the Court concludes the following:

a) The losing parties acted reasonably and in good faith. The Court acknowledges that good faith alone is not sufficient to deny costs to the prevailing party, although it is relevant.

b) The costs allowed by the Clerk were reasonable.

c) The costs of depositions allowed by the Clerk were necessary for the case even though some of them were not used at trial.

d) The case was a difficult case. It required the meticulous review of voluminous records, a 5½ week bench trial culminating in the issuance of a 79-page order by the Court. The trial transcript exceeds 3,000 pages; there were 45 witnesses; thousands of pages of exhibits; and approximately 45 depositions which costs over $21,000.00.

e) The case was close. The parties were required to recognize, sift through and organize relevant evidence and discerning the relevant facts and law of the case was difficult.

f) The award of costs would have a chilling effect upon other civil rights litigants, but this is not determinative on whether costs should be taxed. The plaintiffs have received in settlement sums greater than the costs assessed.

g) The public has received no specific benefit from this case.

h) The defendants have made no change in their current practices, however, they have benefitted from this case in that they have vindicated themselves from an adverse finding of discrimination by the EEOC and established the validity of the practices and procedures which have been followed by the Union over a long period of time; practices and procedures which have served the Union and its members very well and under which they have prospered. This affirmation of the Union's practices and procedures is of great importance to the Union defendant and benefits all of its members.

18. Considering the totality of the circumstances, this Court concludes that the case was close and difficult, the parties acted in good faith, the parties acted with propriety, the defendants have received a great benefit from the litigation and vindication of its practices and procedures which were questioned by the EEOC. Weighing these factors with all the factors set forth herein, the Court concludes it is equitable for the parties to bear their own costs in this case.

The Motion to Re-tax Costs is **GRANTED.**

**IT IS ORDERED** that the parties pay their own costs in this case.

This matter remains **TERMINATED** on the docket of this Court.

The Law Clerk assigned to this case is MIKE McSHEA.

IT IS SO ORDERED.