**UNITED STATES ex rel. Earl O. PICKENS, Relator,**

v.

**GLR CONSTRUCTORS, INC., Defendant.**

No. C–1–93–790.

United States District Court, S.D. Ohio, Western Division.

Aug. 16, 2000.

---

Lynn Lawrence, Warsaw, KY, for Earl O. Pickens, plaintiff.

James Burdette Helmer, Jr., Helmer Martins & Morgan, Cincinnati, OH, for John-Thomas, plaintiff.

Glenn Virgil Whitaker, Victor A. Walton, Jr., Vorys Sater Seymour & Pease, Cincinnati, OH, Ridgway M. Hall, Mark Koehn, Crowell & Moring, Washington, DC, for GLR Constructors, SJ Groves & Son Co., Guy F. Atkinson Const., Dillingham Construction Company NA, Inc., Harbert International Inc., defendants.

Gerald Francis Kaminski, U.S. Attorney, Cincinnati, OH, for USA, movant.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Relator's Motion to Review the Taxation of Costs (doc. 507); Defendant GLR's Response (doc. 509); and Relator's Reply (doc. 510). In addition, the Court held a hearing in this matter on March 3, 2000 (*see* doc. 511).

## BACKGROUND

Relator Earl O. Pickens filed a two-count Complaint on behalf of the United States of America (hereinafter, the "Government") under the False Claims Act (hereinafter, the "FCA") against several named Defendants, including the sole Defendant to this Motion, GLR Constructors, Inc. (doc. 1). *See* Title 31 U.S.C. § 3729, *et seq.*, "False Claims." This *qui tam* action was filed under seal in November of 1993 (*Id.*). *See* Title 31 U.S.C. 3730(b), "Actions by private persons."

The Complaint alleges that, three Defendants—Kanawha River Towing, Inc., G & C Towing, Inc., and GLR Constructors, Inc.—violated the FCA by dumping oily bilge slop from tow boats engaged in an Army Corps of Engineers contract to build new locks on the Ohio River at Gallipolis, Ohio (*Id.*). The Government investigated Relator's claims and chose not to intervene in this action (doc. 14). Thereafter, the Complaint was unsealed and served upon all named Defendants, including Defendant GLR, in July of 1995 (doc. 15).

James Burdette Helmer, Jr., Helmer Martins & Morgan, Cincinnati, OH, Meredith

Over the course of the next few years, two of the Defendants, Kanawha River Towing and G & C Towing settled, returning approximately $875,000 to the United States (*see* doc. 507). Additionally, Kanawha River Towing also entered a criminal guilty plea to violations of the Clean Water Act based on the information uncovered by Relator (*see* docs. 41, 162 & 320). The case against the sole remaining Defendant, GLR Constructors, Inc., proceeded to trial on December 5, 1997 (*see* doc. 391).

On October 13, 1999, the Sixth Circuit Court of Appeals set out the factual and procedural history of this case when it considered Relator's direct appeal of this Court's denial of Petitioner's motion for a new trial (*see* docs. 484 & 485) that was filed subsequent to a favorable jury verdict for Defendant GLR (*see docs.* 462, 463, 484 & 485).[1] The Court repeats the factual and procedural history as set forth in *United States ex rel. Pickens v. GLR Constructors, Inc.*, 194 F.3d 1314, 1999 WL 970327, at *1 (6th Cir. Oct. 13, 1999) (unpublished disposition) (doc. 503):

Pickens was employed at various times by G & C Towing, Inc., and by Kanawha River Towing, Inc., as a deck hand on the companies' tow boats involved in the construction of new locks on the Ohio River near Gallipolis, Ohio. G & C Towing and Kanawha River Towing subcontracted to provide services for GLR Constructors, the prime contractor for the massive project, which eventually resulted in payments of approximately $235 million from the United States Government to GLR Constructors beginning in 1987.

Pursuant to the contract between the United States Army Corps of Engineers and GLR, the construction company and the company's subcontractors were required to use their "best efforts" to abide by applicable federal environmental laws and regulations "at the facility in which the contract is being performed." Because Pickens contends that tow boats used in

the construction process continuously discharged pollutants into the Ohio River, he filed suit against GLR and the towing companies under the False Claims Act, insisting that requests by the defendants for payment under the contract without complying with contractual environmental provisions amounted to fraudulent demands on the public treasury.

Pickens eventually settled his claims against the towing companies and proceeded to trial against GLR, a joint venture of S.J. Groves & Sons Co., Dillingham Construction, N.A., Inc., Harbert International, Inc., and Guy F. Atkinson Construction Co. After a protracted trial, the jury rendered judgment in favor of the defendant, finding that GLR did not knowingly submit false claims to the government for its construction work. The district court subsequently denied Pickens's motion for a new trial, but did order the defendant to pay Pickens $41,711.35 in attorneys' fees and costs due to the defendant's dilatoriness in providing the relator with discoverable information prior to trial.[2]

On appeal, the relator contends that the defendant did not adduce sufficient evidence at trial to support the jury's conclusion that there were no environmental violations at the construction site that were or should have been known by the defendant. Consequently, he insists that GLR's requests for payment under the contract were fraudulent. Pickens further claims on appeal that the district court erred in denying him a new trial based [on] the defendant's failure to provide timely discovery of certain photographs and a videotape, and that prejudicial error resulted from the district court's decision to allow a senior Corps of Engineers official to testify as to that official's belief that he could not withhold contractual payments for noncompliance with environmental provisions of the parties' agreement.

*Pickens*, 1999 WL 970327, at *1. The Sixth Circuit ultimately held that, "based on the

---

1. A five week jury trial against Defendant GLR began on December 9, 1997, and continued through January 12, 1998 (*see* doc. 484).

2. In the final days of the trial, after all of Relator's and Defendant's case-in-chief witnesses were released, GLR's corporate representative

revealed to the Court and Relator the existence of possibly incriminating photographs and a videotape that Defendant should have provided to Relator at least two years earlier during discovery (*see* doc. 484).

extensive analysis set out in the district court's order denying Pickens's motion for a new trial, we affirm the judgment of the district court." *Id.* at *2.

Finally, this Court notes the fact that the Sixth Circuit did not address the issue of litigation costs or attorney fees in its review of our July 24, 1998 Order (*see* doc. 503). Moreover, the Sixth Circuit's Mandate that was issued on December 7, 1999, specifically stated that there would be "[n]o costs taxed" in this action (*see* doc. 504).

On December 15, 1999, Defendant GLR Constructors submitted a "Bill of Costs" to the Clerk of this Court requesting that the Clerk award Defendant a summarized list of its litigation costs (*see* doc. 505, Ex. A).[3] Shortly thereafter, the Clerk granted Defendant's Bill of Costs. That resulted in Defendant's litigation costs being taxed against Relator in the requested amount of $34,695.38 (*see* doc. 506). On March 3, 2000, Relator filed a timely Motion to Review the Taxation of Costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure (doc. 507), followed by Defendant's Response (doc. 509), and Relator's Reply (doc. 510). In addition, the Court held a hearing in this matter on May 3, 2000 (*see* doc. 511).

### *RULE 54(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE*[4]

Rule 54 of the Federal Rules of Civil Procedure provides that, "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54. "This language creates a presumption in favor of awarding costs, but allows the denial of costs at the discretion of the trial court." *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (affirming the district court's denial of costs to prevailing defendants in an antitrust action).

Federal Rule of Civil Procedure 54(d) and the United States Supreme Court have vested the trial court with the discretion to allow or deny costs to a prevailing party. *See Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 232, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964), disapproved on other grounds by, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 443, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). "Where an unsuccessful party in the litigation seeks to be excused from the burden of paying costs, it is incumbent upon her to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Pion v. Liberty Dairy Co.*, 922 F.Supp. 48, 49 (W.D.Mich. 1996) (citing *White & White, Inc.*, 786 F.2d at 732).

The Supreme Court has issued the following caution in the exercise of discretion in awarding costs under Rule 54(d):

We do not read that Rule [Fed.R.Civ.P. 54(d)] as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of this case. Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurisprudence, that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be. Therefore, the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute.

*Farmer*, 379 U.S. at 235, 85 S.Ct. 411.

Under Rule 54(d), this Court has the power to determine "the equity of awarding costs

---

**3.** The following is a summary of the $34,695.38 in litigation costs sought by Defendant
 1. Trial Witness Fees—$3,291.94;
 2. Deposition Transcripts—$12,595.16; and
 3. Duplication Costs—$18,808.28.
 (doc. 505, Ex. A).

**4.** Fed.R.Civ.P. 54(d)(1) provides:
 (1) Costs Other than Attorneys' Fees. Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

under all of the circumstances of the case." *White & White, Inc.*, 786 F.2d at 733 (citing *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir.1959)). The Sixth Circuit stated in *Lichter* that Rule 54(d) was intended to take care of a situation where, "it would be inequitable under all of the circumstances in the case to put the burden of costs upon the losing party." *Lichter*, 269 F.2d at 146.

Such circumstances include: (1) where taxable expenditures are unnecessary or are unreasonably large; (2) where the prevailing party should be penalized for unnecessarily prolonging the trial or injecting unmeritorious issues; (3) where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the nonprevailing party; and (4) where the case is "close and difficult." *White & White, Inc.*, 786 F.2d at 730–31 (citing *Lichter*, 269 F.2d at 146; *United States Plywood Corp. v. General Plywood Corp.*, 370 F.2d 500, 508 (6th Cir.1966); *National Transformer Corp. v. France Mfg. Co.*, 215 F.2d 343, 362 (6th Cir.1954)). Because Rule 54(d) establishes a norm of action entitling the prevailing party to their costs as of course, a district court's discretion to depart from the rule and deny costs are more limited than it would be if the rule were merely "nondirective." *White & White, Inc.*, 786 F.2d at 731–32.

The Sixth Circuit has approved a denial of costs in several "close and difficult" cases involving numerous parties, exhibits, transcript pages, and lengthy opinions. *See, e.g.*, *White & White, Inc.*, 786 F.2d at 732 (citing *United States Plywood Corp.*, 370 F.2d at 508.) In *United States Plywood Corp. v. General Plywood Corp.*, the Sixth Circuit upheld the denial of costs noting that the case was one involving several "close and difficult" issues. *Id.*, 370 F.2d at 508. In *White & White, Inc.*, the Sixth Circuit explained that, "[t]he closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Id.* at 732–33; *see also Farmer*, 379 U.S. at 235, 85 S.Ct. 411.

█ Among the factors the district court may properly consider in denying costs to a prevailing party are whether the prevailing parties' taxable expenditures are unnecessary or unreasonably large. *Goostree v. State of Tenn.*, 796 F.2d 854, 864 (6th Cir. 1986) (citing *White & White, Inc.*, 786 F.2d at 731–32). The Sixth Circuit has also stressed that a district court's ultimate award of costs must be supported by factual findings. *Phelan v. Bell* 8 F.3d 369, 375 (6th Cir.1993); *see also P. Mastrippolito & Sons, Inc. v. Joseph*, 692 F.2d 1384, 1388 (3d Cir.1982) (stating that a district court may not deny costs to a prevailing party without an explanation).

An inappropriate factor to consider in determining whether or not to award costs is "the ability of the prevailing party to pay his or her costs." *White & White, Inc.*, 786 F.2d at 730. The Sixth Circuit has also held that, "[t]he good faith of unsuccessful litigants is a relevant consideration in Rule 54(d) deliberations. Good faith without more, however, is an insufficient basis for denying costs to a prevailing party." *Id.* (citing *Coyne–Delany Co. v. Capital Dev. Bd.*, 717 F.2d 385, 390 (7th Cir.1983)).

### THE TAXATION OF COURT COSTS IN THE SOUTHERN DISTRICT OF OHIO

█ The Southern District of Ohio Costs Guidelines state, "[t]he Sixth Circuit holds that Rule 54(d) creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Guidelines for Attorneys, Taxation of Court Costs in the Southern District of Ohio* p. 2 (rev.03/01/00) (quoting *White & White, Inc.*, 786 F.2d at 730). The Guidelines also provide that, under 28 U.S.C. § 1920, the Court may also assess the costs of taking a deposition in favor of the prevailing party. *Id.* The types of costs that may be assessed against the losing party are enumerated in Title 28 U.S.C. § 1290. *Id.* Section 1920 provides, in pertinent part:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. §§ 1920(1)–(6) (West 2000); *see also Crawford Fitting Co.,* 482 U.S. at 440, 107 S.Ct. 2494; *Northbrook Excess and Surplus Ins.,* 924 F.2d at 642–43. Absent a statute or rule to the contrary, Rule 54(d) creates a presumption of awarding costs allowed by 28 U.S.C. § 1920, unless it would be inequitable under the totality of the circumstances to put the burden of such costs on the losing party.

## DISCUSSION

Defendant GLR seeks to recover for numerous litigation costs it claims was accumulated in its defense of Relator's Complaint (doc. 505). The Clerk of this Court properly determined the amount of the costs which would be owed by Relator to Defendant in this case under 28 U.S.C. § 1920 (doc. 506). That amount is $34,695.38 (*Id.*).

The Parties do not dispute the fact that there is no statute, rule, or case law which supersedes the district court's discretion in this case. Therefore, this Court now considers the issues raised by Relator in his Motion for Review in light of the Sixth Circuit Guidelines, the Local Rules of this Court, and the case of *White & White, Inc.* and its progeny.

### A. *The Parties' Arguments*

In his Motion to Review the Taxation of Costs, Relator asserts that Defendant GLR should be denied its claimed costs in this action because under the circumstances: "(1) the taxation of costs in such a close and difficult case is inappropriate; (2) the claimed costs are unnecessary and unreasonably large; (3) the matters claimed as costs are not properly taxable; and (4) the taxation of costs will have a chilling effect on False Claims Act relators" (doc. 507). *White & White, Inc.,* 786 F.2d at 730. Specifically, Relator moves this Court to deny all of Defendant's litigation costs due to Relator's "good faith" prosecution of the several, complex legal and factual issues, as well as the unreasonably large and unnecessary expenses that are now claimed by Defendant. *See Northbrook Excess and Surplus Ins.,* 924 F.2d at 642.

In its Response, Defendant alleges that it incurred in excess of $2 million in litigation defense costs, including legal fees, to defend against charges which the jury found were without merit (doc. 509). Defendant asserts that its Bill of Costs should be allowed in full because they are consistent with the applicable rules and are properly documented. *See Lichter,* 269 F.2d at 146 ("The prevailing party is *prima facie* entitled to costs and it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption.").

In addition, Defendant contends that the costs for the copying of exhibits and other documents used at the trial were reasonable, necessary, and properly documented. Moreover, Defendant maintains that each item of claimed costs is within the scope of the statutes, guidelines and case law, and, thus, should be deemed reasonable, necessary, and recoverable.

In his Reply, Relator urges this Court to exercise its discretion and deny Defendant's Bill of Cost given the totality of the circumstances surrounding this (1) close and difficult case; (2) the Relator's reasonableness and good faith in advancing the novel and meritorious issues presented; (3) the propriety of Relator's conduct at trial; (4) the precedent for denying costs in similarly difficult cases; and (5) the "chilling effect" such a large costs award will have on this Relator in particular, and all future relators in general (doc. 510).

### B. *The Court's Analysis*

In *Rosser v. Pipefitters Union Local 392,* Judge Weber identified the following factors that a district court should consider in determining whether litigation costs should be awarded to a prevailing party:

(a) Were the taxable expenditures unnecessary to the case or unreasonably large?

(b) Should the prevailing party be penalized for unnecessarily prolonging [the] trial or for injecting unmeritorious issues?

(c) Was the prevailing party's victory so insignificant that the judgment amounted to a victory for the opponent?

(d) Was the case close and difficult?

(e) Did the losing party act reasonably and in good faith in filing, prosecuting or defending the case?

(f) Did the losing party conduct the case with propriety?

(g) Have other courts denied costs to prevailing defendants in similar cases?

(h) Did the prevailing party benefit from the case?

(i) Did the public benefit from the case?

(j) Did the case result in a profound reformation of current practices by defendant?

(k) Does the award of costs have a chilling effect on other litigants?

*Rosser,* 885 F.Supp. 1068, 1071–72 (S.D.Ohio 1995) (Weber, J.) (citing *White & White, Inc.,* 786 F.2d at 730–31). *Rosser* denied the prevailing party's Rule 54(d) costs because: (1) the losing party acted in good faith; (2) the case was difficult; (3) the case was close; and (4) the award of costs would have a chilling effect upon similar plaintiffs. *Id.* at 1072.

■ We also find that costs may be denied to a prevailing defendant in an FCA action, for we have found no statute, rule, or case law in this Circuit which expressly supercedes a district court's discretion under Rule 54(d) in cases like the one before us. Accordingly, like the court in *Rosser,* this Court

also holds that Rule 54(d) costs should not be awarded in this case for several reasons.[5]

First, although Defendant's litigation costs that were allowed by the Clerk of this Court appears to be generally reasonable, the Court agrees with Relator that some of Defendant's trial expenses were not necessary to the defense of the case, and, thus, were not taxable under 28 U.S.C. § 1920 (*see* docs. 507 & 510). *See, e.g., White & White, Inc.,* 786 F.2d at 730 ("Some of defendant's trial expenses—particularly the costs of a daily transcript—were not necessary to the defense of the case and, consequently, are not taxable under 28 U.S.C. § 1920."); *Koppinger v. Cullen–Schiltz & Assocs.,* 513 F.2d 901, 911 (8th Cir.1975) ("[T]he expense of depositions not used at the trial [can] be taxed provided they were reasonably necessary to the case and were not purely investigative in nature."); *Independent Iron Works, Inc. v. United States Steel Corp.,* 322 F.2d 656, 678 (9th Cir.1963) ("If the depositions were merely useful for discovery then they were not taxable items and their expense should have been borne by the party taking them, as incidental to normal preparation for trial."); *Kaiser Indus. Corp. v. McLouth Steel Corp.,* 50 F.R.D. 5, 12 (E.D.Mich.1970) ("[I]t is necessary to distinguish between depositions which are reasonably necessary to properly present a party's case and depositions used essentially for the purpose of investigation or the kindred purpose of thorough preparation by counsel. Investigation expenses are not chargeable as costs.").

Second, the Court notes that Defendant has already been penalized by this Court in excess of $41,000 in monetary sanctions for severe discovery violations in this action. We do not wish to penalize Defendant twice in this regard by denying its litigation costs on the basis of this Court's prior sanctions against Defendant. However, this Court also cannot simply ignore Defendant's "ambush tactics" at trial which had the potential of seriously compromising Plaintiff's presentation of its case-in-chief and trial strategy (*see* docs. 449, 455 & 484). We do not find Defen-

---

**5.** The Court is well aware that a factor which a district court is not to consider in determining whether to deny an award of costs to the prevailing party is the size of the prevailing party's recovery and the ability of the prevailing party to pay the taxable costs. *White & White, Inc.,* 786 F.2d at 731.

dant GLR acted with propriety in regards to the conduct for which they were monetarily sanctioned (*Id.*).

Third, after a five-week trial, the jury found in favor of Defendant as to the claims put before them. The Court finds that there was ample evidence in the record to support a jury verdict finding in favor of Defendant GLR as to all claims. We believe that the issues, facts, verdict, and the financial consequences that would have been at issue if Defendant lost at trial were significant, and, therefore, did not amount to a "moral" victory for Relator. Rather, the favorable jury verdict amounted to a significant victory for Defendant GLR.

Fourth, this Court also finds that this was a close, competitive, hard fought, and difficult case for both sides. The facts and legal issues that comprised this action make it a close case warranting the denial of Defendant's costs. For example, the Parties were required to recognize, sift through, organize and discern the relevant facts, issues, and law of a complicated FCA case. Moreover, novel legal issues dominated this litigation which applied the FCA to allegations of environmental violations under government contracts (*see* docs. 46, 162, 320, 352, 390, 449, 455 & 484).

Fifth, it is also important to note that in the Sixth Circuit's opinion affirming our decision in this case, the appellate court never addressed the issue of costs or attorney fees, and, thus, never awarded costs to Defendant on appeal (docs. 503 & 504). *See Pickens,* 1999 WL 970327, at *2. In addition, the Mandate issued by the Sixth Circuit did not award costs to either Party in this action, and, in fact, specifically stated that there would be "[n]o costs taxed" (*Id.*).

Next, the Sixth Circuit has also approved the denial of costs to prevailing parties in other difficult cases under varying causes of actions. *See, e.g., White & White, Inc.,* 786 F.2d at 732–33 ("The closeness of a case is not determined by whether one party prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case."); *Goostree,* 796 F.2d at 864; *United States*

*Plywood Corp.,* 370 F.2d at 508 ("At best this can only be described as a close and difficult case. The District Judge did not abuse his discretion in requiring each party to pay its own costs.").

Furthermore, the voluminous factual evidence that had to be sifted in developing this case is exemplified in the five weeks of trial; numerous trial binders with exhibits that were distributed by both Relator and Defendant, as well as the thousands of pages of trial transcripts of numerous witnesses. This case involved complex legal and factual issues requiring protracted litigation over a five-year period.

Seventh, having been involved with this case from the time this action was first filed, we also find that Relator's conduct in filing, prosecuting, and defending this case was competent, reasonable, and professional. For example, the settlements of the two other Defendants, the criminal conviction of Kanawha River Towing for violations of the Clean Water Act based on Relator's information, the denial of repeated motions for summary judgment by this Court based on the genuine issues of material fact that precluded us from finding in favor of one Party as a matter of law; and the denial of Defendant GLR's motion for a directed verdict all establishes Relator's reasonableness and good faith in filing, prosecuting, and litigating this action.

However, although Relator may have demonstrated good faith in filing, prosecuting, and litigating this action, the Court recognizes that "such good faith on the part of Relator is merely a relevant consideration and alone is an insufficient basis upon which to deny costs." *Myrick v. TNT Overland Express,* 143 F.R.D. 126, 128 (N.D.Ohio 1992) (citing *White & White, Inc.,* 786 F.2d at 730–31); *see also Allstate v. Michigan Carpenters' Council Health & Welfare Fund,* 760 F.Supp. 665, 670 (W.D.Mich.1991).

Eighth, many other courts have also denied costs to prevailing defendants as well. *See, e.g., Phelan,* 8 F.3d at 375 (holding that a district court's ultimate award of costs in a disability rights action must be supported by factual findings); *Northbrook Excess and*

*Surplus Ins.,* 924 F.2d at 644 (vacating an award of costs in a liability insurance action, and remanding for further development of the record and more explicit findings by the district court regarding the reasonableness and necessity of some of the costs that was previously awarded by the district court); *White & White, Inc.,* 786 F.2d at 730 (upholding a total denial of costs to prevailing defendants in an antitrust action); *United States Plywood Corp.,* 370 F.2d at 508 (denying costs in a patent case due to the fact that the case was considered "close and difficult"); *National Transformer Corp.,* 215 F.2d at 362 (affirming the denial of costs where the prevailing party was penalized by the district court due to "the fault of each party in permitting their relationship to deteriorate into a prolonged, burdensome, and costly controversy"); *Association of Western Railways v. Riss & Co., Inc.,* 320 F.2d 785, 790 (D.C.Cir.1963) (denying costs to prevailing defendant in a "long and arduous" antitrust action); *Rosser,* 885 F.Supp. at 1072 (holding that it was equitable for plaintiffs and defendants to bear their own costs in a Title VII action); *Ledge Hill Farms, Inc. v. W.R. Grace & Co.,* 230 F.Supp. 638, 641 (S.D.N.Y. 1964) (denying costs to a defendant who was deemed the *de facto* victor in an antitrust action in which the plaintiff won, but was awarded no damages).

Ninth, the only benefit that this Court can conclude was bestowed on Defendant GLR in defending itself in this action is that, in the end, Plaintiff failed to prove to the satisfaction of a jury that Defendant violated the FCA as alleged by Relator in his Complaint.

Next, this Court can answer in the affirmative that the public at large did benefit from this case in numerous ways. For example, based on Relator's actions, hundreds of thousands of dollars were returned to the United States Treasury and a polluter of the Ohio River was convicted. In addition, the likelihood of this sort of blatant disregard for the public's waterways happening again was lessened because of the civil and criminal prosecutions that occurred as a result of Relator's actions.

In addition, the Court cannot speculate as to whether this case resulted in a "profound reformation" of current practices by Defendant, but we can be confident that this case did serve as a sort of "wake-up call" to those companies and tow boats operating on the river that there are severe consequences, both financial and criminal, for actions that violate federal or state environmental laws.

Finally, the Court concludes that there would be a significant "chilling effect" on future relators if this Relator is assessed the more than $34,000 in costs as asserted by Defendant because they may be persuaded from bringing complex and expensive FCA actions, especially if future relators face the risk of paying substantial litigation costs to a prevailing defendant.

In this case, costs have been taxed in the amount of $34,695.38 (*see* doc. 505). The Clerk, having no discretion in this matter, acted properly in so taxing them (*see* doc. 506). However, some of the expenses incurred by Defendant were for items which may have been helpful but were not necessarily essential for the defense of this action (*see* docs. 507 & 510). However, those disputed expenses are not the primary reason why this Court is denying costs to each Party in this action. The reasons are fivefold.

Considering the totality of the circumstances, the record before us and the arguments presented at the oral hearing, this Court concludes that: (1) this was a close and difficult case; (2) Relator acted in good faith during the course of this litigation; (3) Relator acted with propriety; (4) the public received a significant benefit from Relator's intervention in this matter; and (5) it is likely that a "chilling effect" on future FCA relators is likely if this Relator is taxed costs in such a complex case as the one before us now.

Having reviewed this matter and after weighing these five factors with all of the factors stated in *White & White, Inc.* and *Rosser,* the Court concludes that it is equitable for the Parties to bear their own costs in this case, and, thus we conclude that Relator's Motion for Review should be GRANTED (doc. 507).

## CONCLUSION

For the reasons set forth above, the Court hereby REVERSES the Clerks's granting of Defendant GLR's Bill of Costs (doc. 506). Accordingly, we hereby GRANT Relator's Motion to Review the Taxation of Costs (507). The Court concludes that the Parties are responsible for their own litigation costs in this action.

SO ORDERED.