**MELLON v. HEINER, Former Collector of Internal Revenue.**

**MELLON et al. v. SAME.**

**Nos. 6980, 6979.**

District Court, W. D. Pennsylvania.
April 10, 1939.

Reed, Smith, Shaw & McClay, William A. Seifert, William Wallace Booth, and Seward H. French, Jr., all of Pittsburgh, Pa., for plaintiffs.

Chas. F. Uhl, U. S. Atty., and Orris Bennett, Sp. Asst. to U. S. Atty., both of Pittsburgh, Pa., and George H. Zeutzius, Sp. Asst. to Atty. Gen., for defendant.

GIBSON, District Judge.

Plaintiffs in above cases, by their attorneys, filed exceptions to the memorandum of costs and disbursements filed by the Special Assistant to the United States Attorney. The costs in question sought to be taxed were incurred in connection with appeals from decisions of this court to the Circuit Court of Appeals and from that court to the United States Supreme Court.

The decision of this court was in favor of plaintiffs. This decision was affirmed in the Circuit Court of Appeals, 3 Cir., 89 F.2d 141, but was reversed in the Supreme Court. 304 U.S. 271, 58 S.Ct. 926, 82 L.Ed. 1337.

In taxing the costs the Clerk of this court sustained the exceptions of plaintiffs to the taxation claimed by the Special Assistant to the United States Attorney, and disallowed the item of $3,507.08 for printing the consolidated record on appeal. Pursuant to

Rule 54 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the United States Attorney and the Special Assistant to the United States Attorney have moved this court to review the taxation of the Clerk.

By the rules of both the Supreme Court and the Circuit Court of Appeals no costs are allowed for or against the United States. That these rules were made with full knowledge of the statute governing the taxation of costs in suits of the United States is beyond question. The matter for decision, then, is the status of the instant actions. If they are suits against the United States, as contemplated by the rules of the appellate courts, then the Clerk's taxation was correct; and if not such suits, the taxation was erroneous.

Each action was brought against "D. B. Heiner, individually and as former Collector of Internal Revenue". The Collector not being in office when the suits were brought, the United States could have been made the direct defendant. 28 U.S.C.A. § 41(20). The collections (subject matter of the suits) were made, as appear from the statements of claim, pursuant to assessments by the Commissioner of Internal Revenue, and not on account of any individual trespass by the Collector.

Counsel for plaintiffs base their exceptions to the taxation of costs upon the decision in George Moore Ice Cream Co. v. Rose, Collector, 289 U.S. 373, 53 S.Ct. 620, 623, 77 L.Ed. 1265, opinion by Mr. Justice Cardozo. They claim that since that decision a suit against a Revenue Collector, who has collected a tax pursuant to directions from his superior, is one to be treated differently in no respect from a direct action against the United States; and if so regarded, the rules of the appellate courts relieve them from the payment of the printing costs in question.

The George Moore Ice Cream Co. case, supra, does not seem to go so far as plaintiffs contend. In his opinion Mr. Justice Cardozo criticized the ancient fiction by which the Government is brought into court by suit against the Collector, but while he criticized it his opinion does not indicate any intention on the part of his Court to end it. He said: "A suit against the collector who has collected a tax in the fulfillment of a ministerial duty is to-day an anomalous relic of bygone modes of thought".

Having so stated, and having pointed out the fact that the suit against the collector was substantially a suit against the Government, the opinion indicated no change in practice in respect to such suits. It contains the following: "The effect of the certificate [of probable cause], when given, is to convert the suit against the collector into a suit against the government".

As authority for this statement, United States v. Sherman, 98 U.S. 565, 567, 25 L. Ed. 235, is given. That was a case in which the plaintiff was endeavoring to recover interest which had accrued prior to certificate on a judgment against a collector. The following is from the opinion: "When the certificate is given, the claim of the plaintiff in the suit is practically converted into a claim against the government. But not until then."

Substantially the same declaration was made in Huntley v. Southern Oregon Sales, 9 Cir., 104 F.2d 153. In that case the Circuit Court of Appeals allowed interest upon a judgment against a collector to the time of issuance of the certificate of probable cause, stating, however, that it was expressing no opinion as to the power of the plaintiff to collect it.

The cases cited, and others, seem to preserve the fiction that a suit against a collector is an action against him, and not against the Government, until the certificate of probable cause has issued. This being so, this court must treat the mandate of the Supreme Court, which allows costs to the defendant below, as issued in the case of an ordinary litigant. So considered it carries the cost of printing the record upon appeal. An order will be made by which such cost will be directed to be taxed.