## ALLIS v. LA BUDDE et al.
### No. 7857.

Circuit Court of Appeals, Seventh Circuit.
Oct. 22, 1942.

Arthur W. Fairchild, Frederic Sammond, and Theodore C. Bolliger, all of Milwaukee, Wis., for plaintiff-appellant.

Robert R. Barrett, of Washington, D. C., and Samuel O. Clark, Jr., and J. Louis Monarch, Asst. Attys. Gen., for defendants-appellees.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

PER CURIAM.

Appellant moves to have costs taxed in her favor in a case heretofore decided by this court, June 15, 1942.

The suit is the one in which appellant sought to recover for an alleged overpayment of income taxes charged against a large sum received by her as an annual payment on an insurance policy which had matured on the death of her husband. The District Court held that because the insured exercised his option to have the policy proceeds paid in annual installments rather than by a lump sum upon his death, and the amounts already received by the beneficiary were about double the face of the policy, the payments represented increment on the proceeds and were taxable as amounts held by the insurer under an agreement to pay interest thereon. We reversed the judgment.

Because the suit had been filed against the collector and continued against his executors upon his death prior to trial, the clerk of this court, in issuing the mandate, omitted the provision for payment of costs customary in cases between private individuals, applying Rule 24(4), which provides that: "No costs shall be allowed in this court either for or against the United States, except where specially authorized by statute and directed by the court."

Appellant asserts that her case is not one for the application of Rule 24(4) for the reason that her suit was not against the United States, but instead was a personal one against the collector, and the fact that the Government will assume payment of the judgment upon issuance of a certificate of probable cause does not change its personal character. The Government has filed no response of any kind, hence does not contest appellant's application, although appellant states that counsel refused to sign a stipulation for inclusion of costs in the judgment, advising that the matter of taxation was considered to be within the discretion of the court and suggesting that appellant present her motion for allowance to the court.

While the distinction between suits directly against the Government, for refund of excess taxes, and suits against the officer who collected those taxes, seems to be a very arbitrary one, nevertheless it is a distinction which has been quite uniformly made.

In Sage v. United States, 250 U.S. 33, 39 S.Ct. 415, 416, 63 L.Ed. 828, Mr. Justice Holmes says: "But no one could contend that technically a judgment of a District Court in a suit against a collector was a judgment against or in favor of the United States. * * * The suit is personal and its incidents, such as the nature of the defenses open and the allowance of interest, are different. * * * At the time the judgment is entered the United States is a stranger."

In Smietanka v. Indiana Steel Co., 257 U.S. 1, 42 S.Ct. 1, 2, 66 L.Ed. 99, a case holding that suit may not be brought against the successor to the collector after his term expires, the Court referred to the Sage case (above) and said: "To show that the action still is personal * * * it would seem to be enough to observe that when the suit is begun it cannot be known with certainty that the judgment will be paid out of the Treasury. That depends upon the certificate of the Court in the case."

The Court of Appeals for the Second Circuit, in New York Life Ins. Co. v. Anderson, 263 F. 527, 531, a suit to recover taxes, said: "* * * no question of allowance of interest or costs as against the sovereign arises and the suit is to be regarded * * * as against a private person. * * * It is enough to repeat that in this action the defendant, even though he has the United States behind him, is to be treated as a private person."

A District Court in Pennsylvania, in Mellon v. Heiner, 30 F.Supp. 948, 949, rather criticizing the rule but, feeling bound to follow it, said: "The cases cited, and others, seem to preserve the fiction that a suit against a collector is an action against him, and not against the Government, until the certificate of probable cause has issued. This being so, this court must treat the mandate of the Supreme Court, which allows costs to the defendant below, as issued in the case of an ordinary litigant."

It also appears significant that § 3770 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3770, in providing authority to make abatements, credits and refunds, provides:

"(b) To collectors and officers. The Commissioner, subject to regulations prescribed by the Secretary, is authorized to repay—

"(1) Collections recovered. To any collector or deputy collector the full amount of such sums of money as may be recovered against him in any court, for any internal revenue taxes collected by him, with the cost and expense of suit; also

"(2) Damages and costs. All damages and costs recovered against any collector, deputy * * * in any suit brought against him by reason of anything done in the due performance of his official duty."

This provision for reimbursement of costs would seem to contemplate the charging of such costs against the collector. The motion of appellant is, therefore, allowed, and the mandate will be amended to include appellant's costs.