**LICHTER FOUNDATION, INC.,**
Appellant,

v.

**Russell A. WELCH, Collector of Internal Revenue, Appellee.**

No. 13613.

United States Court of Appeals
Sixth Circuit.

July 10, 1959.

Charles H. Tobias, Jr., Cincinnati, Ohio, Steer, Strauss & Adair, Paul W. Steer, Cincinnati, Ohio, on brief, for appellant.

David O. Walter, Washington, D. C., Charles K. Rice, Joseph F. Goetten, A. F. Prescott, George F. Lynch, Washington, D. C., Hugh K. Martin, Richard H. Pennington, Cincinnati, Ohio, on brief, for appellee.

Before McALLISTER and MILLER, Circuit Judges, and SHELBOURNE, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

This case was originally a suit for a tax refund against the defendant-appellee Welch in his capacity as Collector of Internal Revenue. The District Court denied the refund, from which ruling the taxpayer plaintiff-appellant appealed. This Court reversed the judgment of the District Court and held that appellant was entitled to the refund sought. The case was remanded to the District Court for further proceedings. Lichter Foundation, Inc. v. Welch, 6 Cir., 247 F.2d 431. Following the remand, the District Judge entered judgment against the defendant-appellee for $241,233.18 with interest from February 25, 1953, "together with its costs expended herein." The judgment also contained a certification that the defendant had probable cause for collecting the taxes adjudged to have been overpaid.

Thereafter, appellant filed its bill of costs with the Clerk of the United States District Court requesting that there be taxed as costs, (a) Fees of the Clerk, $20; (b) Fees of the Marshal, $2; (c) Fees of the Court Reporter for all or any part of the transcript necessarily obtained for use in the case, $57.20; and (d) Fees and disbursements for printing, $2,247 (which amount was later reduced to $2,086.30), making a total of $2,165.40. The Clerk, however, taxed costs at only $5, which was the fee for docketing the appeal notice. Appellant filed its objections to this action of the Clerk, which objections, after being considered by the District Court, were overruled. An order was thereupon entered affirming the Clerk's award of costs in the amount of $5, from which ruling this appeal was taken.

It was stipulated between the parties that the amounts above referred to were actually paid by the appellant. The District Court further found that the amounts were reasonably necessary. The only point involved in the appeal is what costs, if any, is the appellant entitled to recover as a matter of law following the reversal by the Court of Appeals of the judgment of the District Court and subsequent entry of the judgment in the appellant's favor in the District Court.

We start with Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C., which reads as follows:

"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed *only to the extent* permitted by law." (Emphasis supplied.)

In construing Rule 54(d) we must take into consideration Rule 81(f) of the Federal Rules of Civil Procedure, which became effective March 19, 1948. Rule 81(f) reads as follows:

"*Under any rule* in which reference is made to an officer or agency of the United States, the term 'officer' includes a collector of internal revenue, a former collector of internal revenue, or the personal representative of a deceased collector of internal revenue." (Emphasis supplied.)

The joint effect of these two rules, with respect to the allowance of costs, is that the Collector of Internal Revenue is considered as an officer of the United States and that, accordingly, costs against the Collector "shall be imposed only to the extent permitted by law."

Proceeding further, it follows that even though the Collector is to be treated as an officer of the United States, Rule 54(d) does not by itself limit the costs which can be assessed against him but merely requires us to look to the statutory law to see generally what costs may be assessed against the losing party, and particularly what limitation, if any, exists when the losing party is a Collector of Internal Revenue. This brings us to the basic statute regulating costs, name-

ly, Sec. 1920, Title 28 U.S.Code, which reads as follows:

"A judge or clerk of any court of the United States may tax as costs the following:

"(1) Fees of the clerk and marshal;

"(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

"(3) Fees and disbursements for printing and witnesses;

"(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

"(5) Docket fees under section 1923 of this title.

"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

Appellant contends that unless there is some other statute barring or limiting the assessment of costs against the Collector he is entitled to the costs claimed by him in this action. Allis v. La Budde, 7 Cir., 131 F.2d 78; Samson Tire & Rubber Corp. v. Rogan, 9 Cir., 140 F.2d 457. The appellee makes two answers to this contention.

(1) Rule 54(d) provides that costs shall be allowed as of course to the prevailing party "unless the court otherwise directs." Sec. 1920, Title 28, provides that the judge "may tax as costs." Each of these sections gives to the District Judge a discretion in the allowance of costs, which discretion appellee contends was properly exercised by the District Judge in limiting the costs to $5. To which appellant answers that the allowance of only $5 as costs to appellant who obtained a reversal of the District Court's judgment and a complete recovery of the amount sought, and in doing so was required to and actually expended costs in the approved amount of $2,-165.40 is an abuse of discretion. A consideration of this issue will be deferred until we have considered appellee's second contention why the provisions of Sec. 1920 are not applicable to this case.

Appellee's second contention is that Sec. 2412(a) and (b), Title 28 U.S.Code, limits in the case of a Collector of Internal Revenue the assessment of costs which could otherwise be properly assessed under Sec. 1920. Sec. 2412(a) and (b), Title 28, reads as follows:

"(a) The United States shall be liable for fees and costs only when such liability is expressly provided for by Act of Congress.

"(b) In an action under subsection (a) of section 1346 or section 1491 of this title, if the United States puts in issue plaintiff's right to recover, the district court or Court of Claims may allow costs to the prevailing party from the time of joining such issue. Such costs shall include only those actually incurred for witnesses and fees paid to the clerk."

Sec. 1346 deals with actions in the District Court against the United States for the recovery of internal revenue taxes alleged to have been erroneously or illegally assessed or collected. Sec. 1491 deals with actions against the United States in the Court of Claims. If the taxpayer is successful in an action against the United States to recover taxes erroneously or illegally assessed, under Sec. 2412(b) costs can be assessed against the United States to a very limited extent which would not exceed $5 in the present case. It is appellee's contention that although Sec. 2412(b) specifically refers only to actions against the United States, it includes actions against the Collector as well as against the United States because for all practical purposes a suit against the Collector and recovery thereby of taxes illegally collected is a suit against the United States. See: Ewing v. Gardner, 341 U.S. 321, 71 S.Ct. 684, 95 L.Ed. 968.

Rule 81(f) plays no part in this argument as it is limited to a construction of the Rules of Civil Procedure and has no application to the statute. The argument of the Collector is theoretically sound but has been consistently rejected by the Supreme Court. In Sage v. Unit-

ed States, 250 U.S. 33, 39 S.Ct. 415, 63 L.Ed. 828, the Court said that technically a judgment against a Collector is not a judgment against the United States, that such a suit is personal and its incidents, such as the nature of the defenses open and the allowance of interest, are different, and that at the time the judgment is entered, the United States is a stranger. In Smietanka v. Indiana Steel Co., 257 U.S. 1, 42 S.Ct. 1, 66 L.Ed. 99, it was held that an action against a Collector is based upon his personal liability and cannot be maintained against his successor in office. In United States v. Kales, 314 U.S. 186, 62 S.Ct. 214, 220, 86 L.Ed. 132, the Court said,

> "The judgment against the collector is a personal judgment, to which the United States is a stranger except as it has obligated itself to pay it. * * * While the statutes have for the most practical purposes reduced the personal liability of the collector to a fiction, the course of the legislation indicates clearly enough that it is a fiction intended to be acted upon to the extent that the right to maintain the suit and its incidents, until judgment rendered, are to be left undisturbed."

■ In United States v. Nunnally Investment Co., 316 U.S. 258, 62 S.Ct. 1064, 1067, 86 L.Ed. 1455, the Court reaffirmed the doctrine of the Sage case speaking as follows:

> "If the doctrine of the Sage case is now to be abandoned, such a determination of policy in the administration of the income tax law should be made by Congress, which maintains a Joint Committee on Internal Revenue Taxation charged with the duty of investigating the operation of the federal revenue laws and recommending such legislation as may be deemed desirable."

These cases recognize that for practical purposes the difference between an action against the United States and one against the Collector is merely a fiction, but, nevertheless, take the position that such distinction must be recognized until Congress changes it by statute. In the light of those rulings of the Supreme Court, we are not permitted to judicially rule that the fiction no longer exists regardless of how strong a feeling we may have that it is not sound. The Court of Appeals is required to follow the existing rulings of the Supreme Court instead of forecasting that the ruling will be changed when the matter is again considered by the Court. Kowalski v. Chandler, 6 Cir., 202 F.2d 413, affirmed 346 U.S. 356, 74 S.Ct. 78, 98 L.Ed. 64, rehearing denied, 346 U.S. 917, 74 S.Ct. 271, 98 L.Ed. 412; Dyer v. Commissioner, 2 Cir., 211 F.2d 500, 506; Continental Distilling Corp. v. Old Charter Dist. Co., 88 U.S.App.D.C. 73, 188 F.2d 614, 616.

■ Appellee contends that Congress has enacted legislation which changes the rule announced by the Supreme Court cases. He refers to the Act of October 21, 1942, carried as Sec. 3772(d), Internal Revenue Code of 1939, 26 U.S.C. § 3772(d); Act of July 30, 1954, carried as Sec. 1346(a) (1), Title 28 U.S.Code; and Act of July 30, 1954, carried as Sec. 2402, Title 28 U.S.Code. It is true that this legislation eliminated some of the differences between suits against a Collector and suits against the United States, such as providing the right to a jury trial in a suit against the United States, and eliminating the $10,000 jurisdictional amount in suits against the United States in the District Court. But these enactments of Congress did not eliminate suits against Collectors. Since suits against Collectors are still authorized under the law, we believe the nature of such a suit remains the same as heretofore decided by the Supreme Court of the United States, that technically it is not a suit against the United States, and that Sec. 2412(b) limiting costs against the United States does not apply to actions against the Collector. Allis v. La Budde, supra, 7 Cir., 131 F.2d 78; Sam-

son Tire & Rubber Corp. v. Rogan, supra, 9 Cir., 140 F.2d 457.

This conclusion receives support from the following proceedings in Congress. Senate Bill 3875, recommended by the Attorney General, was passed by the Senate on July 28, 1958. It was an amendment of Sec. 2412(b) so as to include within its provisions an action against a Collector or Director of Internal Revenue, as well as an action against the United States, which would translate into law the contention now made by the appellee in this case. However, Congress adjourned without passing the bill. Congress, for the time being, has apparently acquiesced in the distinction presently made by the Supreme Court between suits against the United States and suits against Collectors.

■■ Since the costs taxable under Sec. 1920 are not limited by Sec. 2412(b), the action of the District Judge in limiting the costs to $5 can be sustained only on the ground of the exercise by him of the discretion lodged in him by Sec. 1920 and by Rule 54(d), Rules of Civil Procedure. That is the ground upon which the District Judge based his ruling, expressing the view that since it was a discretionary matter with the Court and the appellant having recovered a huge judgment could amply afford to pay the costs in the case, he was exercising his discretion in the matter and limiting the costs to $5. We do not think that it is the meaning or purpose of the statute or the rule to deny a successful litigant his taxable costs merely for the reason that he has recovered enough in the litigation to afford to pay his costs. On the contrary, we believe the statute and rule were intended to take care of a situation where, although a litigant was the successful party, it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party. Examples will be found in cases where the amount of taxable costs actually expended were unnecessary or unreasonably large under the circumstances, where the denial of costs was in the nature of a penalty for injecting unmeritorious issues into the case or unnecessarily prolonging the trial of the case, or where the judgment recovered was insignificant in comparison to the amount sought and actually amounted to a victory for the defendant. The prevailing party is prima facie entitled to costs and it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption. Chicago Sugar Co. v. American Sugar Refining Co., 7 Cir., 176 F.2d 1, 11; In re Northern Indiana Oil Co., 7 Cir., 192 F.2d 139, 142; Jones v. Schellenberger, 7 Cir., 225 F.2d 784, 794, certiorari denied, 350 U.S. 989, 76 S.Ct. 476, 100 L.Ed. 855; Emerson v. National Cylinder Gas Co., 1 Cir., 251 F.2d 152, 158. In our opinion, the fact that the prevailing party has recovered a large judgment is not by itself sufficient justification for disallowing his taxable costs.

■ The question remains, to what costs is the appellant entitled. That portion of the costs claimed which are costs in the Court of Appeals are subject to the rules of this Court. Rule 23(6), Rules of this Court, 28 U.S.C.A., provides that the cost of printing briefs and the cost of stenographers' transcripts are not taxable. Rule 23(7) provides for taxing as costs the actual cost of printing the appendix and for its inclusion in the mandate if an affidavit is filed showing this cost before the issuance of the mandate. The affidavit was not filed and the mandate was issued September 20, 1957, without including such costs. Under the present record these costs are not taxable. Appellant was accordingly entitled to recover as costs in the District Court following the remand of the case to that Court, such costs as are taxable under Sec. 1920, Title 28 U.S.Code, subject, however, to the limitations imposed thereon by Rule 23(6) and (7), Rules of this Court.

The judgment of the District Court is reversed and the case remanded for further proceedings consistent with the views expressed herein.