F. M. WILLIAMS, Appellant,

v.

George D. PATTERSON, District Director of Internal Revenue, Appellee.

No. 18371.

United States Court of Appeals
Fifth Circuit.

April 25, 1961.

Erle Pettus, Jr., Birmingham, Ala., Al G. Rives, Birmingham, Ala., Rives, Peterson, Pettus & Conway, Birmingham, Ala., of counsel, for appellant.

James P. Turner, Lee A. Jackson, Dept. of Justice, Washington, D. C., William L. Longshore, U. S. Atty., Birmingham, Ala., Charles K. Rice, Asst. Atty. Gen., Meyer Rothwacks, Arthur I. Gould, Attorneys, Dept. of Justice, Washington, D. C., for appellee.

Before RIVES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

F. M. Williams sued George D. Patterson, District Director of the Internal Revenue, for a tax refund amounting to $280. The taxpayer was unsuccessful in the district court, successful on appeal. Williams v. Patterson, 5 Cir., 1961, 286 F.2d 333. The taxpayer has now filed a motion to tax the costs of $648.75 to the appellee.

Rule 31 of the Rules of this Court, 28 U.S.C.A., in part, provides:

"3. In cases of reversal of any judgment or decree in this court, costs shall be allowed to the appellant, unless otherwise ordered by the court. The cost of the transcript of the record from the court below shall be taxable in that court as costs in the case.

"4. Neither of the foregoing sections shall apply to cases where the United States are a party; but in such cases no costs shall be allowed in this court for or against the United States."

This rule recognizes the difference between a suit against a District Director or Collector and a suit against the Unit-ed States.[1] In effect, it establishes as a rule of court the holding of DeBary v. Carter, 5 Cir., 1900, 102 F. 130, that in a successful suit for a tax refund against a Collector of Internal Revenue "costs will be awarded against the government officers". Courts of Appeal in other circuits have reached the same conclusion. Allis v. LaBudde, 7 Cir., 1942, 131 F.2d 78; Samson Tire & Rubber Corporation v. Rogan, 9 Cir., 1943, 140 F.2d 457; Lichter Foundation v. Welch, 6 Cir., 1959, 269 F.2d 142.

The Attorney General has filed an able, well-documented brief tracing the statutory changes applicable to tax refund suits and the case-by-case development of the taxpayer's remedy of suing for a tax refund. What started as a common law personal action suit is now more of a statutory action that, for certain purposes, is sometimes treated as a suit involving the Treasury of the United States, Flora v. United States, 1960, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623. All of this demonstrates a legislative trend in the direction of narrowing the distinction between suits against Collectors (Directors) and suits against the United States. But no statute has attempted to nullify the principle that costs in a Court of Appeal are subject to the rules of that court. Lichter Foundation Inc. v. Welch, 6 Cir., 1959, 269 F.2d 142, 145.

The Court's decision is not influenced by the Pyrrhic character of the victory Williams would achieve if he were denied recovery of costs. We simply feel compelled to recognize the distinction between actions against the United States and actions against the District Director, until Congress obliterates the distinction or the Supreme Court rules that the distinction is a fiction no longer entitled to respect. The motion to tax costs against the District Director is

Granted.

---

[1]. On the other hand, Rule 57, subd. 5 of the Revised Rules of the Supreme Court (1954) 28 U.S.C.A., reads as follows:

"5. No costs shall be allowed in this court either for or against the United States or an officer or agency thereof, except where specially authorized by statute and directed by the court."