**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4052
_____

PERCY HOGAN, JR.,
                                        Appellant

v.

THE RAYMOND CORPORATION;
GIANT EAGLE INCORPORATED

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-10-cv-00846)
District Judge:  Honorable Joy Flowers Conti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 20, 2013


Before: FUENTES, VANASKIE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 20, 2013)
_____

OPINION
_____

PER CURIAM

    Percy Hogan, Jr., appeals pro se from the District Court's order dismissing his

action as a sanction and challenges earlier orders of the District Court as well.  We will

affirm the substance of the orders under review but will vacate one of them in part and

remand for a limited purpose.

I.

Hogan is employed as a truck driver by Giant Eagle Incorporated ("Giant"). In 2008, he was injured while unloading groceries with a power jack, which he alleges was manufactured by The Raymond Corporation ("Raymond"). Raymond denies that allegation. The parties also dispute the scope of Hogan's injuries, but they included groin and back injuries that resulted in Hogan obtaining workers' compensation benefits from Giant before resuming full-time employment. See Hogan v. Workers' Comp. Appeal Bd. (Giant Eagle, Inc./OK Grocery Co.), No. 2032 C.D. 2011, 2012 Pa. Commw. Unpub. LEXIS 843 (Pa. Commw. Ct. Nov. 8, 2012), allowance of appeal denied, No. 544 WAL 2012, 2013 Pa. LEXIS 966 (Pa. May 14, 2013).

In 2010, Hogan filed pro se a personal injury complaint against Raymond and Giant in Pennsylvania state court, asserting a products liability claim against Raymond and a negligence claim against Giant. Raymond, which no one disputes is a citizen of New York, removed the complaint on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(b). Although Hogan and Giant are both citizens of Pennsylvania and thus non-diverse, Raymond argued that Giant's citizenship should be disregarded under the fraudulent joinder doctrine because Hogan's claims against Giant are barred by the exclusivity provision of Pennsylvania's Workers' Compensation Act. Giant filed a Rule 12(b)(6) motion to dismiss on that basis, and Hogan filed both a motion to remand to state court and a motion to amend his complaint. Hogan sought to add, inter alia, a tort

2

claim that Giant spoliated the power jack by removing it from its store and thus prejudiced his products liability claim against Raymond. By order entered March 18, 2011, the District Court (1) denied Hogan's motion to remand, (2) denied Hogan's motion to amend as to Giant, and (3) granted Giant's Rule 12(b)(6) motion and dismissed the complaint as to Giant for failure to state a claim. Hogan filed a premature appeal from that order, which we dismissed for lack of jurisdiction. (C.A. No. 11-1886.)

Hogan's claim against Raymond proceeded. Hogan failed to respond to Raymond's initial discovery requests, and Raymond filed a motion to compel him to do so. The District Court granted it on March 7, 2012. Hogan failed to comply with that order as well, and Raymond filed another motion to compel and for sanctions. The District Court granted the motion to compel on June 1, 2012. The District Court declined to impose sanctions, but it stated that "Plaintiff is specifically cautioned that a failure to comply with an Order of this Court may result in the imposition of sanctions, including . . . a dismissal in whole or in part of this civil action." (ECF No. 69 at 2.) The District Court then held a conference on June 7, 2012, to make sure that Hogan understood his discovery obligations.

Despite these measures, Hogan once again failed to respond to the discovery requests and Raymond filed a motion for an order to show cause why the case should not be dismissed on that basis. The District Court entered the order to show cause and then held another conference on August 7, 2012. (In the meantime, Hogan had finally provided discovery responses, but Raymond argued that they remained deficient.) At the

3

conference, the District Court sanctioned Hogan by ordering him to pay (1) the costs and fees incurred by Raymond in bringing its most recent motion, and (2) the costs (but not fees) that Raymond would incur in re-deposing Hogan after receiving complete discovery responses. The District Court explained to Hogan that it was refraining from dismissing his action only because it was imposing this alternative sanction and that Hogan would have to pay the sanction in order for his case to proceed. The District Court also specifically warned Hogan three times that, if he did not pay the sanction within fifteen days of receiving an invoice from Raymond, it would dismiss his case with prejudice. (ECF No. 75 at 15-16, 18, 21.) Hogan did not (and does not) claim any inability to pay the sanction. Instead, although he initially argued that he should not be sanctioned at all because his discovery responses were substantially compliant, he ultimately agreed to pay the sanction in order to proceed with his suit.

After Raymond provided its invoice, however, Hogan filed a motion to "disallow" it on the ground that it included amounts beyond the scope of District Court's award. He also argued, once again, that he should not have been sanctioned at all. On September 12, 2012, the District Court granted that motion in part and provided: "**IT IS ORDERED that the total amount of sanctions to be paid is: $5,504.97. If plaintiff fails to pay that amount . . . to defendant on or before September 20, 2012, this case will be automatically dismissed with prejudice**." (ECF No. 80 at 2) (emphasis in original). Hogan did not pay the sanction by September 20 and instead, on that day, mailed to the District Court another motion once again contesting the imposition of

4

sanctions for the same reasons he previously argued. Raymond filed a motion to dismiss the action, and the District Court granted it by order entered September 28, 2012. The court's order states that it dismissed Hogan's action with prejudice "for [his] failure to comply with the Orders and directives of this Court," including the September 12 order directing the payment of sanctions and its orders compelling discovery. Hogan appeals.[1]

## II.

On appeal, Hogan challenges the District Court's March 18, 2011 order denying his motion to remand, its August 7, 2012 order imposing monetary sanctions, and its September 28, 2012 order dismissing the case. We address them in turn.

### A. Diversity Jurisdiction and Fraudulent Joinder

We begin with this issue because it implicates the District Court's jurisdiction. See Boyer v. Snap-On Tools Corp., 913 F.2d 108, 110 (3d Cir. 1990). The fraudulent joinder doctrine permits courts to ignore the citizenship of a non-diverse defendant for diversity purposes if the plaintiff's joinder of that defendant is "fraudulent." In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006). "'Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant[.]'" Id. at 217 (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)). The plaintiff's mere failure to state a claim does not satisfy this standard, and the plaintiff's claim must instead be so "wholly insubstantial and frivolous" as to fail to

---

[1] As we discuss below, the District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

invoke the subject matter jurisdiction of the District Court. Batoff, 977 F.2d at 852 (quotation marks omitted). We review this legal and jurisdictional issue de novo. See Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 197 (3d Cir. 2007).

In this case, the District Court determined that Hogan's personal injury claims against Giant are barred by the exclusivity provision of Pennsylvania's Workers' Compensation Act, 77 P.S. § 481(a). Hogan does not challenge that conclusion on appeal, and we agree that his personal injury claims against Giant are barred beyond question under Pennsylvania law. See Winterberg v. Transp. Ins. Co., 72 F.3d 318, 322 (3d Cir. 1995) (citing, inter alia, Poyser v. Newman & Co., 522 A.2d 548, 550-51 (Pa. 1987)). This clear legal bar means that Hogan's claims against Giant are not colorable for purposes of fraudulent joinder. See In re Briscoe, 448 F.3d at 219 (addressing claims barred by statute of limitations); cf. Boyer, 913 F.2d at 111 ("[T]his is not a case where the action . . . is defective as a matter of law.").

Hogan argues that the District Court should have permitted him to amend his complaint to assert a tort claim that Giant spoliated the power jack and that such claims are not subject to the workers' compensation bar. The District Court analyzed this issue under Rules 12(b)(6) and 15(a) and concluded that amendment would be futile because Hogan had not stated a claim. The Rule 12(b)(6) standard does not govern the fraudulent joinder inquiry, see Batoff, 977 F.2d at 852, but we need not reach that issue because the District Court was not required to consider Hogan's proposed amendment in the first

place.[2] We have stated numerous times that, in applying the fraudulent joinder doctrine, "the district court must focus on the plaintiff's complaint at the time the petition for removal was filed.'" In re Briscoe, 448 F.3d at 217 (quoting Batoff, 977 F.2d at 851); see also Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)); Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 & n.16 (5th Cir. 1995) (explaining the rationale for this requirement). The complaint at the time of removal contained only personal injury claims against Giant that are clearly barred as a matter of Pennsylvania law.[3] Thus, the District Court properly disregarded Giant's citizenship and concluded that it had diversity jurisdiction.

Hogan's only other argument on this point is that the District Court should not have dismissed his claims against Giant with prejudice. We agree. The fraudulent joinder inquiry is a jurisdictional one and not a merits determination. See Batoff, 977 F.2d at 852. Thus, instead of dismissing Hogan's claims against Giant with prejudice under Rule 12(b)(6), the District Court should have dismissed them for lack of subject matter jurisdiction under Rule 12(b)(1). We will vacate the March 18, 2011 order to that

---

[2] We nevertheless note that Hogan has provided no reason to question the District Court's conclusion that his spoliation allegations do not state a claim under Pennsylvania law. We also note that the Pennsylvania Supreme Court has since held that there is no cause of action against a third party (which Giant would be in light of the workers' compensation bar) for negligently spoliating evidence that the plaintiff hoped to use against someone else. See Pyeritz v. Commonwealth, 32 A.3d 687, 692 (Pa. 2011).

[3] Hogan's state-court complaint contained a single reference to Giant having removed the power jack, but the complaint did so by way of attempting to show Giant's alleged

7

limited extent and remand for the District Court to enter an appropriate order.

## B.     The Monetary Sanction

We generally review monetary sanctions for abuse of discretion.  See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 175-76 (3d Cir. 1999).  Hogan raises two arguments in this regard, but neither is persuasive.

First, Hogan argues that the District Court should not have sanctioned him at all because he substantially complied with his discovery obligations.  Hogan raised this argument at the August 7 conference and again in his motion to "disallow" Raymond's invoice, and the District Court rejected it.  Regardless of whether Hogan had by then complied with his discovery obligations (which Raymond disputes), Hogan admittedly had not done so at the time of his deposition or when Raymond filed the motion for an order to show cause on which the monetary sanction was based.  Moreover, Hogan's argument misstates his discovery obligations.  Hogan argues, as he did below, that he submitted everything in his possession supporting his claim.  But Raymond's requests and the scope of discovery are broader than that, see Fed. R. Civ. P. 26(b)(1), and the District Court twice ordered Hogan to provide additional discovery, which he admittedly failed to do.

Second, Hogan argues that the District Court erroneously imposed this sanction in the absence of a finding that he acted in bad faith.  Hogan cites no authority for the

awareness that the jack was dangerous.  The state-court complaint sought damages solely for personal injury and did not claim any injury arising from Giant's alleged spoliation.

8

proposition that a finding of bad faith is required before imposing this type of sanction, and the rules authorizing it do not contain such a requirement. See, e.g., Fed. R. Civ. P. 16(f), 37(b)(2). Indeed, we have expressly approved the entry of this type of sanction as an alternative to dismissal, and a litigant's bad faith is merely one factor to consider even in imposing that more drastic sanction. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 869 (3d Cir. 1984). In any event, the District Court clearly explained to Hogan at the August 7 conference why it was imposing the sanction and why Hogan had to pay it to proceed, and we cannot say that it abused its discretion.[4]

## C. Dismissal

Finally, Hogan challenges the District Court's order dismissing his case. Because dismissal is a drastic sanction, courts generally must first consider the six factors we enumerated in Poulis, which are set forth in the margin.[5] The District Court did not

---

[4] Hogan raises additional arguments regarding the terms of the sanction that we need not address because he did not pay it. We note, however, that the award includes Raymond's cost of re-deposing Hogan, which it did not do because it cancelled Hogan's second deposition in light of his still-incomplete discovery. It is not clear whether Raymond intends to seek enforcement of the monetary sanction following this appeal. We express no opinion on that issue other than to note that enforcement may not be warranted because the District Court expressly made the sanction the price of Hogan's ability to proceed, which he now cannot do. If the sanction remains at issue following this appeal, however, it should not include costs that Raymond has not actually incurred.

[5] The factors are: (1) the party's personal responsibility; (2) prejudice to the opposing party; (3) a history of dilatoriness; (4) the party's willfulness or bad faith; (5) the effectiveness of alternative sanctions; and (6) the merits. See Poulis, 747 F.2d at 868-70. The District Court did not specify whether its dismissal was under Rule 37(b) or Rule 41(b), but Poulis generally applies in either case. See Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir. 2013).

expressly consider those factors. We have recognized situations, however, in which a District Court can dismiss an action without expressly considering the Poulis factors when confronted with a litigant's outright refusal to proceed as the District Court directs. See, e.g., Doe v. Megless, 654 F.3d 404, 411 (3d Cir. 2011); Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994). We have also recognized that "Poulis did not provide a magic formula," that "not all of the Poulis factors need be satisfied in order to dismiss a complaint," and that the decision to dismiss ultimately "must be made in the context of the district court's extended contact with the litigant." Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). For that reason, we give the District Court's decision "great deference" and review it only for abuse of discretion. Id. Having reviewed the entire record, we cannot say that the District Court abused its discretion in this case.

The District Court had extended contact with Hogan, and it clearly understood that "[d]ismissal must be a sanction of last, not first, resort." Poulis, 747 F.2d at 869. The District Court warned Hogan that failure to comply with its orders could result in dismissal, but it did not impose any sanctions on Hogan at all until he failed to respond to Raymond's discovery requests and then undisputedly violated two court orders that he do so. Even then, the District Court did not dismiss Hogan's action but instead imposed the alternative sanction (which we specifically endorsed in Poulis) of awarding Raymond the costs and fees it incurred in bringing its latest motion. In doing so, the District Court again warned Hogan, both orally and in writing, that it would dismiss his case if he failed to pay. Despite these numerous opportunities and warnings, Hogan once again simply

10

disregarded the court's order that he pay and instead, on the date payment was due, mailed the District Court another motion contesting the award of sanctions for reasons that the District Court already had rejected twice. Hogan does not argue that the District Court abused its discretion by not expressly considering the Poulis factors under these circumstances, and we cannot say that it did.[6]

Hogan's arguments are not persuasive and are largely disingenuous. He argues that he believed he had the "green light" to continue challenging the amount of the District Court's sanction award instead of paying it, but he cites nothing of record arguably conveying that impression. To the contrary, the District Court's last word on the subject was its order of September 12, 2012, which stated that the case "**will be automatically dismissed with prejudice**" if he did not pay the sanction by September 20. That order could not have been more clear. And Hogan did not merely continue to challenge the amount of the award, but instead continued to contest the imposition of sanctions in the first place for reasons the District Court already had rejected. Hogan also argues that the September 12 order gave him less than the fifteen days to pay afforded by the District Court's August 7 order, but that argument is specious because the District Court did not dismiss his action until sixteen days later on September 28. Hogan did not pay during that time and has not argued in the District Court or this one that he was

---

[6] In fact, the parties and the District Court effectively addressed many of the Poulis factors at the June 7 and August 7 conferences. The District Court considered (and indeed imposed) alternative sanctions, and the parties and the District Court discussed the history of Hogan's conduct, its effect on the litigation, and the merits of his claim.

11

unable to do so.

Finally, Hogan argues that the District Court denied him due process. The District Court conducted a conference on both the monetary sanction and the possibility of dismissal, however, and Hogan had ample opportunity to be heard. See Figueroa, 188 F.3d at 183. Hogan clearly was on notice of the consequence of failing to pay the sanction, and he has not claimed in either the District Court or this one that his failure to do so was the result of anything other than his disagreement with the District Court's imposition of that sanction. The District Court made clear that Hogan's action would proceed only if he complied with that ruling, and "[a] party disappointed with a court's ruling may not refuse to proceed and then expect to obtain relief on appeal from an order of dismissal or default." Megless, 654 F.3d at 411 (quotation marks omitted).

## III.

For the foregoing reasons, we will (1) affirm the District Court's order entered August 7, 2012, (2) affirm the District Court's order entered September 28, 2012, (3) affirm in part and vacate in part the District Court's order entered March 18, 2011, and (4) remand for the District Court to enter an order dismissing Hogan's complaint against Giant for lack of subject matter jurisdiction.