**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1565
_____

PERCY HOGAN, JR.,
                                        Appellant

v.

THE RAYMOND CORPORATION;
GIANT EAGLE INCORPORATED
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-10-cv-00846)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 22, 2014
Before:  JORDAN, COWEN and BARRY, Circuit Judges

(Opinion filed September 24, 2014)
_____

OPINION
_____

PER CURIAM

      After the District Court dismissed the suit brought by Percy Hogan, Jr., the

Raymond Corporation submitted a bill of costs in the amount of $9835.38 (ECF No. 87).

Noting that Hogan had appealed the dismissal, the District Court Clerk of Court notified

the parties that no action would be taken on the bill of costs until the appeal was resolved. After we largely affirmed the District Court's order dismissing the suit, see Hogan v. Raymond Corp., 536 F. App'x 207 (3d Cir. 2013) (vacating and remanding only to the extent that a portion of the dismissal should have been for lack of subject-matter jurisdiction instead of for failure to state a claim), the Raymond Corporation advised the Clerk of the outcome and stated, "The Bill of Costs (ECF No. 87) is now ready for taxation."

The Clerk then issued a letter, describing the ruling on appeal, the District Court's subsequent action on remand, and the pending bill of costs, and notifying Hogan that he could file objections. Hogan objected on the grounds that a motion for rehearing was pending before us. Subsequently, our mandate issued and costs were taxed for the appeal (in the amount of $323.20). The Clerk filed another letter describing the procedural history relating to the bill of costs and again calling for objections. Hogan filed objections relating to the costs he had been taxed on appeal and the related bill of costs from the appeal. He sought a set-off related to a $261.45 sanction he asserted that the Raymond Corporation had been ordered to pay him related to a problem with a court-ordered mediation. The Raymond Corporation responded that there was no basis for the set-off because the sanction had been entered against former counsel, not the Raymond Corporation itself. The Raymond Corporation submitted that "the unchallenged costs of $9,736.13 [ECF 87] should be taxed and judgment entered in said amount at this time."

Subsequently, on January 2, 2014, the Clerk taxed costs in the amount of $9835.38.

Hogan sought review of the cost determination by motion. He argued that he did not have notice of the bill of costs for the District Court action, that the taxation of costs was arbitrary and capricious, and that the Clerk should have rejected the bill of costs for several reasons. Raymond Corporation filed a response.

The District Court concluded that Hogan's claim of lack of notice was unsubstantiated and not credible. The District Court also ruled that Hogan's several substantive objections to the bill of costs were without merit. After an independent examination of the bill of costs, the District Court reduced them to $6,099.25, excising the portion of the costs attributable to a sanction against Hogan imposed by an earlier District Court order and a smaller charge for the cost of a related invoice that was not part of the sanction and not recoverable as a cost. The District Court issued its order on January 27, 2014.

On February 4, 2014, the District Court received a late-filed reply to Raymond Corporation's response to Hogan's motion opposing the costs taxed. The District Court nonetheless considered it (it appeared from the docket that the January 27, 2014 order had not been mailed to Hogan). The District Court stated that Hogan did not warrant relief based on his argument that the Raymond Corporation's counsel had falsified a certificate of service for the response brief because Hogan did not receive it until a week after the certification date. In response to Hogan's argument against including the earlier

3

sanctions award in the costs calculation, the District Court explained that the sanctions amount was not being included in the costs taxed. On February 5, 2014, the District Court reaffirmed its order taxing costs in the amount of $6,099.25. Hogan filed a notice of appeal on March 6, 2014.

We have jurisdiction under 28 U.S.C. § 1291.[1] Cf. Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam) (explaining that "most post judgment orders are final decisions within the ambit of 28 U.S.C. § 1291 as long as the district court has completely disposed of the matter") (citation and quotation marks omitted). We exercise plenary review as to legal questions pertaining to the taxation of costs under Rule 54(d)(1). In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 458 (3d Cir. 2000). "In reviewing the District Court's application of those legal precepts, we reverse only if that application exceeded the bounds of discretion." Id.

---

[1] Our jurisdiction extends to the District Court's order of February 5, 2014, only, given the date that Hogan filed his notice of appeal. The time limit of Rule 4(a)(1) for commencing an appeal is mandatory and jurisdictional. See Bowles v. Russell, 551 U.S. 205, 209-14 (2007). A notice of appeal in a civil case in which the United States is not a party is timely if it is filed within 30 days of the entry of the order or judgment being appealed. See Fed. R. App. P. 4(a)(1)(A). Hogan's notice of appeal, filed on March 6, 2014, was timely as to the District Court's order of February 5, 2014, but not as to the order of January 27, 2014. Although a timely motion for reconsideration can toll the time limit for taking an appeal, see Fed. R. App. P. 4(a)(4), the reply brief that Hogan filed, responsive to the Raymond Corporation's filing and apparently filed without Hogan's having knowledge of the entry of the Court's order, cannot be considered a motion for reconsideration. In any event, in the February order, the District Court not only rejected the arguments that Hogan raised in reply but also reaffirmed its decision to tax costs in the amount of $6,099.25. Accordingly, ultimately we are reviewing the same decision even though we are technically restricted to the order of February 5, 2014.

Hogan raises several arguments, which the Raymond Corporation opposes. The first relates to a purported lack of notice regarding the bill of costs (or alleged notice of the costs on appeal, but not the costs in the District Court case). He further claims that the District Court, in determining the award of costs, should have known of the Raymond Corporation's "unclean hands" and Hogan's financial condition (the latter because Hogan had produced tax records earlier in the litigation). Hogan also argues that the Raymond Corporation was responsible for an offset to the costs in the amount of the sanction levied against its former counsel.[2]

We find no merit to Hogan's contention that he did not have notice of the bill of costs. We have described the efforts that the Clerk of Court for the District Court took to notify Hogan of the bill of costs. We note that Hogan filed responses to the Clerk's notices. If at one point he was confused (despite the procedural history and the information within the Clerk's letters) that the bill of costs related to the costs assessed on appeal, we note that Raymond Corporation's response, noting the amount claimed in the District Court case, should have clarified things for him. For these reasons, and for the reasons given by the District Court, we reject Hogan's argument that he lacked notice.

---

[2] In his reply brief, Hogan also asserts that costs should not have been awarded because the District Court did not arrive at a decision on the merits (the case was dismissed). Ordinarily, we do not entertain an argument raised for the first time in reply. However, we will nonetheless note that "a dismissal of the action, whether on the merits or not, generally means that defendant is the prevailing party." 10 Charles Alan Wright, et al., Federal Practice and Procedure § 2667 (3d ed. 2014).

Regarding Hogan's "unclean hands" argument, we agree with the Raymond Corporation that the District Court did not err by declining to consider any error made by the Raymond Corporation's former counsel (namely, the failure to attend a mediation in person in accordance with a local rule) as misconduct or bad faith conduct on the part of the Raymond Corporation.[3] Also, the District Court did not err in otherwise concluding that there was no other misconduct by the Raymond Corporation. Hogan's claim that the Raymond Corporation tampered with evidence is unsupported by the record, and his claim that the Raymond Corporation abused the discovery process is an attempt to relitigate issues that were resolved in an earlier stage of the litigation and in Hogan's earlier appeal.

As for Hogan's claim that his financial circumstances should have been better considered by the District Court, we conclude that his claim is foreclosed by his failure to put his financial information before the District Court at the appropriate time. Hogan had the burden to show why costs should not be taxed against him. See Lichter Found., Inc. v. Welch, 269 F.2d 142, 146 (6th Cir. 1959); Adams v. Teamsters Local 115, 678 F.

---

[3] We further conclude that the District Court did not exhibit bias against Hogan, as he claims, by not attributing the actions of its former counsel to the Raymond Corporation, or for not enforcing the sanctions award. Furthermore, the sanctions award, which was not lodged against Raymond Corporation, could not be used to offset the taxation of costs against Hogan (and we cannot, as Hogan requests in his reply brief, impose it now against Raymond Corporation). To the extent that Hogan is arguing that the Raymond Corporation should also have been sanctioned when its counsel did not appear in person for the mediation, that order (issued in March 2012) is not before us.

6

Supp. 2d 314, 324 (E.D. Pa. 2007). Although Hogan asserts that he submitted tax

documents at an earlier stage of the litigation, Hogan did not present them (or make any

argument about his ability to pay the costs)[4] in his objection to the costs taxed.

Accordingly, the District Court did not err in not taking Hogan's financial situation into

account.[5]

For these reasons, and because we also conclude that Hogan's arguments are

otherwise without merit, we will affirm the District Court's judgment.

---

[4] His substantive arguments regarded alleged lack of substantiation, large or unusual expenditures, and air travel that was not at the most economical rate. We note that the District Court soundly discussed each in turn.

[5] Without commenting on Hogan's financial status, we note nonetheless that even indigency does not preclude an award of costs. See Smith v. SEPTA, 47 F.3d 97, 100 (3d Cir. 1995).